[Civil No. 3438.   Filed July 2, 1934.]

[33 Pac. (2d) 616.]

T. FRED RUSSELL, Petitioner, v. BALD EAGLE MINING CO., Defendant Employer, and INDUSTRIAL COMMISSION OF ARIZONA, Defendant Insurance Carrier, Respondents.

106

Mr. Burt H. Clingan and Mr. C. T. McKinney, for Petitioner.

Mr. Don C. Babbitt and Mr. Emil Wachtel, for Respondent Industrial Commission.

LOCKWOOD, J. — T. Fred Russell, hereinafter called petitioner, on the 22d of April 1929, while in the employ of the Bald Eagle Mining Company, received certain injuries arising out of and in the course of his employment. These injuries, so far as could be determined by the physicians of the Industrial Commission at the time, consisted of a separation of the symphisis pubis, with contusions of the perineum and some infiltration into the tissues surrounding the pelvic regions. Petitioner was about the age of 53 at the time of the accident, and was a very large and heavy man. Due to these facts, the physicians believed that his recovery would be slow, but that eventually it would be complete. He was under medical treatment for some time, and there was a question as to whether or not an operation would be necessary. In October of that year Dr. Goodrich, one of the physicians for the commission, reported that there was still a wide separation of the symphisis pubis, and that it might be well for the

commission to arrange for an operation, although he did not say that it was absolutely necessary. Thereafter, and on October 17th, a settlement was made between the commission and petitioner for the lump sum of $829.60; no formal award being made stating whether the injury was compensable, its extent, the amount of the disability or any conclusions in regard thereto.

Nothing further was heard of the matter until March 31, 1933, when petitioner asked that his case be reopened on the ground that further and unexpected disability had developed, as a result of the original injuries. The case was reopened and hearings thereon had on April 20th and June 2d, and, after such hearings, on September 27, 1933, the commission made the following finding: ''That the evidence is insufficient to establish that said applicant has suffered any increase in disability over that for which he was compensated under the terms of the Settlement Agreement and Release of October 17th, 1929''—and further compensation was denied. Petitioner, not being satisfied with the award, has brought the case before us in the usual manner for review.

The settlement of October 17, 1929, was in effect a finding by the commission that petitioner had suffered a compensable injury, and that full compensation for his condition, as of the date of the settlement, was $829.60. Petitioner not having appealed from this decision within the time allowed by law, it is *res judicata* that such amount was complete compensation for his injuries as they were known to exist at that date. *Doby* v. *Miami Trust Co.*, 39 Ariz. 228, 5 Pac. (2d) 187; *Zagar* v. *Industrial Commission*, 40 Ariz. 479, 14 Pac. (2d) 472. This did not, however, preclude him from applying for a readjustment of compensation under the provisions of section 1447, Revised Code of 1928. But any com-

pensation, even if new and increasing disability as the result of the injury had developed later, could only begin as of the date of the new application. *Doby* v. *Miami Trust Co., supra; Zagar* v. *Industrial Commission, supra.* At the rehearing, according to the testimony of petitioner, he was in much worse physical condition than at the time of the settlement in 1929. He had not been operated upon, and the symphisis pubis had not reunited. As the result of this, he was compelled to use a leather strap around his hips to hold the bones of the pelvis in position. He had also developed serious bladder trouble, and, admittedly, at the date of the hearing was unable to engage in the kind of labor which he had been in the habit of following, or indeed in any work requiring great muscular exertion. The reports of the commission's own physicians distinctly showed this to be the fact, and Dr. Palmer, who testified on the rehearing, said that he was 100 per cent. disabled from doing any manual labor. Apparently the real trouble with petitioner, as stated by Dr. Palmer, was that hypertrophy of the prostate gland had proceeded to such a degree that, taken in connection with the fact that the symphisis pubis had failed to reunite, his disability was 100 per cent. It is true he stated that hypertrophy of the prostate gland is a very common condition in men of that age who have never been injured, but he also said that in his opinion at least part of petitioner's trouble in this respect was due to the severe contusions and injuries which the latter had received at the time of the original accident.

Taking the evidence as a whole, we are satisfied the only reasonable conclusion which can be drawn from it is that, at the time the original settlement was made in 1929, petitioner and the physicians of the commission all believed that his recovery would in a short time be complete and permanent, whether he

did or did not have an operation, the advisability of that being doubtful from a medical standpoint, and the settlement of that date was made on that theory, but that, when his application for readjustment of compensation was made, he had not recovered, but that his condition had grown progressively worse, a part at least of which change was undoubtedly due to the original injury. Under these circumstances we think the finding on which the last award was based was not supported by the evidence, and the award is therefore set aside.

ROSS, C. J., and McALISTER, J., concur.