[Civil No. 4467. Filed June 29, 1942.]

[127 Pac. (2d) 129.]

INA C. BISHOP, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA; L. C. HOLMES, LYNN LOCKHART and E. T. HOUSTON, Members of The Industrial Commission of Arizona; and the ARIZONA STATE BOARD OF HEALTH, Defendant Employer, Respondents.

Mr. Dennis J. Sweeney, for Petitioner.

Mr. Rouland W. Hill, and Mr. Howard A. Twitty, for Respondents.

LOCKWOOD, C. J.—This case comes to us in the usual manner by *certiorari* from an award of the Industrial Commission of Arizona, respondent, denying further compensation to Ina C. Bishop, petitioner.

Petitioner sustained a compensable injury to her back on November 23, 1940, as she was walking down into a cellar through a trap door, when she slipped and fell, bruising her back over the twelfth dorsal and first and second lumbar vertebrae. She was immediately hospitalized, first in Winslow and then in Phoenix, and compensation was paid her during this time. On April 2, 1941 an award was made, finding that she had suffered temporary disability from the date of her accident up to March 27, 1941, but that the evidence was insufficient to establish any disability due to the accident subsequent to the date last specified.

Petitioner at the time of her injury was a woman of approximately thirty-eight years of age and engaged as a nurse by the State Board of Health. She had suffered from a kidney disease for many years. In 1928 or 1929 her right kidney had been removed by operation, and for sometime previous to her accident she had suffered from renal colic and had several times passed kidney stones. She had had many treatments for a stricture of the ureter, and suffered much pain during these attacks of colic. About two years before her accident she began using an opiate known as pantopon, under the instructions of her physician, in order to relieve her from the intense pain which ac-

companied the colic, the doses gradually increasing until at the time of the accident she was using approximately two and one-half grains per day. Pantopon is a derivative of opium, and the amount she was taking was equivalent to about two grains per day of morphine. During a part of the time she was in the hospital after her accident the lower part of her body was placed in a plaster cast and she was confined to her bed almost entirely. On February 1 and March 6 she was examined by a board of physicians, and their final conclusion was that all effects of her injury had passed away. On March 15 she left the hospital, and on March 29 she had a laminectomy and a small bony growth was removed from her spine. A few years previous she had a similar operation following an automobile accident in which she was involved. The last operation was performed without the advice and consent of the commission. Previous to her operation, and while in the hospital, she had passed kidney stones, and during the period following the operation this condition continued at a somewhat accelerated pace. She complained at all times after her accident of a great deal of pain in her back and one leg, and was apparently unable to resume any active work.

The question is whether her condition following the time her compensation ceased was due to the aggravation of a previously existing kidney condition, which aggravation was caused by the accident of November 23, or whether such condition was the natural result of the previously existing kidney condition and not aggravated in any manner by the accident. This, of course, is necessarily a medical question, and we have invariably held that in such circumstances, if the medical evidence is in conflict, the decision of the commission as to which testimony it should accept is binding upon this court. *Knapp* v. *Highway Dept.*, 56 Ariz. 54, 104 Pac. (2d) 180.

We have carefully examined the entire record and the testimony of the various physicians. Some of them are of the opinion that her pain and difficulty following the stoppage of compensation is merely a result of the previously existing disease, which was not aggravated by the accident. Others are inclined to think that while the disease undoubtedly did exist before the accident, it was aggravated by that occurrence. The commission accepted the conclusion reached by the medical experts who believed that the accident had nothing to do with her condition after the date of the original award. Under our rule so often stated, we can do nothing but accept the decision of the commission on the evidence.

The award is necessarily affirmed.

McALISTER and ROSS, JJ., concur.