179 P.2d 786

**LEE MOOR CONTRACTING CO. et al. v. INDUSTRIAL COMMISSION et al.**

No. 4919.

Supreme Court of Arizona.

April 21, 1947.

tioners, have brought before us for review an "amended supplemental findings and award on rehearing on contested medical benefits" entered by the Industrial Commission of Arizona (hereinafter termed the Commission) on June 18, 1946, in favor of Drs. Tuveson and Sult, and J. B. Rhoades, the latter being one of the respondents in this proceeding.

For a detailed history of this much litigated industrial case (No. NN 609) which arose out of an injury to J. B. Rhoades on July 17, 1939, reference is made to two previous decisions of this court, viz.: Rhoades v. Lee Moor Contracting Co., 60 Ariz. 161, 132 P.2d 432 and Lee Moor Contracting Co. v. Industrial Com., 61 Ariz. 52, 143 P.2d 888.

It manifestly appears from the record that the following compensation awards or amended awards have become final, viz.: (1) original award of compensation and accident benefits entered August 7, 1940, rehearing granted and award affirmed by the Commission on October 18, 1940; (2) award granting additional compensation, on account of traumatic neurosis, dated July 7, 1941; (3) amended findings and award granting additional compensation, for the aggravation of a pre-existing arthritic condition in his spine, dated May 3, 1943. Under this last award Rhoades was given a temporary total disability rating for a period not exceeding 100 months and compensation and medical benefits thereunder (with the exception hereinafter noted) have

Jennings, Salmon & Trask, J. A. Riggins, Jr. and Henry S. Stevens, all of Phoenix, for petitioners.

H. S. McCluskey, of Phoenix (John R. Franks, of Phoenix, of counsel), for respondents.

STANFORD, Chief Justice.

By certiorari the employer and its insurance carrier designated herein as the peti-

been and now are being paid to him. No reference was made in this award to "medical benefits" though the accompanying findings say he is entitled thereto.

The award now before us for review orders the petitioners to pay certain medical benefits which can be conveniently grouped, as follows: (1) $378 to respondent Rhoades for medical services and accident benefits due him. $353 of the items going to make up this total were incurred subsequent to the previous award dated May 3, 1943. The $25 paid to Dr. Clohessy was for services rendered prior thereto. (2) An award of $171.69 to reimburse Rhoades for expenses incurred between October 21, 1941 and October 31, 1941. These expenses were incident to and in support of his claim for new and additional disability compensation arising out of the aggravated arthritic condition. (3) An award to Dr. Tuveson of $432 for medical services rendered to the applicant prior to July 15, 1942. And to Dr. Sult an award of $50 for similar services rendered prior to July 7, 1941. Neither of these doctor bills was added to the present amended award until the petitioners applied for a rehearing of the award dated March 27, 1946.

The principal question for determination is: Did the Commission have the jurisdiction to make the awards in question?

It will be noted that the award does not purport to change the compensation due Rhoades in any particular. The belated proceedings by the Industrial Commission were the outgrowth of the submission to it on June 7, 1944, by the attorney for Rhoades of receipted bills claimed to have been paid by Rhoades for medical services incurred subsequent to March 2, 1942, but at the time of rehearing, as stated, two additional items were added.

"Compensation" and "accident benefits" are distinct elements of relief under our Workmen's Compensation Law. Paramount Pictures v. Holmes, 58 Ariz. 1, 117 P.2d 90. It would seem that the award should be as specific as to the accident or medical benefits, already accrued and determinable as it is in directing the amount of compensation. Once an award is made and becomes final by payment and acceptance without appeal, the Commission loses jurisdiction to award further benefits based upon facts and circumstances existing as of that date. Its judgment upon the facts developed, or that could have been shown, in the original hearing and award is res judicata upon such facts. Zagar v. Industrial Comm., 40 Ariz. 479, 14 P.2d 472, and Harambasic v. Barrett & Hilp & Macco Corp., 58 Ariz. 319, 110 P.2d 932; Russell v. Bald Eagle Mining Co., 44 Ariz. 105, 33 P.2d 616; Schultz v. Industrial Comm., 44 Ariz. 357, 27 P.2d 372.

Applying these legal principles to claims ordered paid by the Commission's award in the instant case, clearly the Commission was without jurisdiction to direct the payment of any claims incurred prior to the award of May 3, 1943, which had

become final by our affirmance thereof in the second Rhoades case, supra. The law favors an end to litigation; litigants and claimants cannot try their cases piecemeal. If this entire award were permitted to stand it would not only countenance undue delay in presenting medical benefit claims but would completely nullify any defense based upon the statute of limitations.

The Commission seeks to sustain its jurisdiction to enter the awards herein complained of by reliance in part upon an erroneous mandate issued by this Court on January 6, 1943, in the first Rhoades case, supra. Inadvertently the mandate recited that "the award of August 7, 1940" was set aside when it should have read that "the order of April 16, denying the application to readjust his claim and that of May 16, 1942, denying a rehearing" had been set aside. By a nunc pro tunc order dated April 10, 1947, we have corrected the mandate to conform to the order upon which it was based.

While the award of May 3, 1943, failed to specifically provide for future medical benefits, we think that this omission is supplied by the terms of the statute itself which must be read into the award. Section 56-938, A.C.A. 1939, reads as follows: *"Accident benefits.*—(a) Every injured employee shall receive promptly such medical, surgical and hospital or other treatment, nursing, medicine, surgical supplies, crutches and apparatus, including artificial members, as may be reasonably required at the

time of the injury, *and during the period of temporary disability,* as provided in section 1438 (Sec. 56-952). Such benefits shall be termed 'Accident benefits.'" (Emphasis supplied.)

From the foregoing it is the opinion of this court that items numbered two and three, and the $25 item paid to Dr. Clohessy which is listed under item number one, of the Amended Award dated June 18, 1946, should be and they are hereby set aside. The award of $353, under item number one, covering medical expenses incurred subsequent to May 3, 1943, is affirmed.

LaPRADE and UDALL, JJ., concurring.