190 P.2d 918

**BEUTLER v. INDUSTRIAL COMMIS-
SION et al.**

No. 4976.

Supreme Court of Arizona.

March 15, 1948.

W. H. Chester, of Phoenix, for petition-
er.

H. S. McCluskey, of Phoenix (Robert E.
Yount, of Phoenix, of counsel), for re-
spondents.

STANFORD, Chief Justice.

By proceedings on certiorari we are
asked to review an award of the Industrial
Commission denying further compensation
to applicant, B. L. Beutler, for claimed new
and additional disability due to an injury
which he had received.

The record shows that the applicant was
injured by reason of an accident which oc-
curred September 26, 1944, while he was
working for J. H. Forsyth carrying cross
braces up the stairway of Whittier School
to the attic of same. Applicant claimed that
his leg went numb while he was climbing
the attic stairs and the end of the braces
hit the top of the door casing, "wrenching
or pulling me backwards and I was in bed
two and a half days."

A hearing was had on this claim at which
time evidence was taken and medical ex-
amination made, and compensation was al-
lowed for temporary total disability, to-
gether with accident benefits, and on the
23rd day of October, 1945, the Commission
made an award in favor of the applicant,
and, at applicant's request, commuted the
amount thereof to a lump sum and paid the

same in the sum of $1283.22. No steps were taken to have this award reviewed and it has long since become final.

However, further examination was given the applicant on his petition of August 20, 1946, seeking a readjustment, or reopening, of the old award wherein he alleged "I am suffering new and additional disability due to the injury which I sustained on September 26, 1944, and I am unable to work due to such disability".

The medical board, after examination, rendered the following:

"Comments: From our examination and consideration of this case, we are of the opinion that there is no new and additional disability over and above that found and recorded on September 28, 1946, except that with advancing years, his myocardial degeneration has apparently increased to some extent. This, however, could, in no way, be related to the accident of September 26, 1944."

While no assignments of error are presented, the petitioner claims new and additional disability has arisen since the original accident.

A hearing was had on the foregoing application and the Commission made a finding and award that the applicant was suffering no new additional or previously undiscovered disability to the injury of September 26, 1944, and affirmed its award of October 23, 1945, and by its decision upon rehearing on February 3, 1947, the Commission ordered that the findings and award, denying further compensation be affirmed.

The record in the case shows that subsequent to the original award the applicant was injured in his back while in his own yard. Also that he suffered a back injury in the handling of springs and mattress at the Jones Auction House in Phoenix, and that he filed a claim for such injury, but that this claim was abandoned and that it was thereafter that he filed this claim for new and additional disability based upon the injury of 1944, for which the Industrial Commission had given him an award.

■ The settlement for the original injury is without question now res judicata since the award was made October 23, 1945, and no appeal was taken. Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449, and Kilpatrick v. Hotel Adams Co., 42 Ariz. 128, 22 P.2d 836, 837, from which we quote:

"One of petitioner's complaints is of the original findings and award. These were made October 9, 1929, and, although an application for a rehearing was made and denied, no appeal was taken therefrom within thirty days, or at all, as provided in section 1452, Revised Code of 1928. For the failure to appeal from such findings and award they became final. Not only this, but it appears that the petitioner has accepted the award allowed him for temporary disability and also the monthly allow-

ance for permanent partial disability and thereby acquiesced in the award. For these reasons we may not inquire into the lawfulness of the original award."

We hold, therefore, that jurisdiction was lost, as above stated, even though it be true, as the respondent admits, that the computation of benefits in the award of October 23, 1945, was erroneous.

As to petitioner's application for compensation for new and additional disability, a review of the whole record convinces us that the award of October 10, 1946, denying further compensation, is supported by the medical testimony and the findings of the Commission. If there is competent evidence in the record to sustain the action of the Commission it is binding and conclusive on this court.

The award is affirmed.

La PRADE and UDALL, JJ., concur.