217 P.2d 1039

NEVITT v. INDUSTRIAL COMMISSION et al.

No. 5257.

Supreme Court of Arizona.

April 24, 1950.

Darrel G. Brown, of Tucson, John T. Kettlewell, of Tucson, for petitioner.

Robert E. Yount, Industrial Commission, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent.

DE CONCINI, Justice.

J. H. Nevitt, the petitioner, was injured on August 6, 1943, while employed as a plumber by Anderson Plumbing who was insured with the Industrial Commission of Arizona, hereinafter referred to as the commission. Petitioner had his medical bills paid and received compensation up to January 17, 1946 by an award dated February 7, 1946.

Three years later on February 7, 1949, petitioner filed for a reopening of his case with this statement: "I wish to reopen my case as I feel that I need medical attention for a hernia which I sustained at the time of my injury on August 6, 1943." The commission denied his request on the basis of insufficient supporting evidence. Petitioner again filed for a rehearing and again it was denied by the commission. Petitioner then filed an amended petition to reopen for the reason that he had not had the opportunity to cross-examine the six doctors who examined him. The award of February 7, 1946, was predicated in part upon the report from those doctors.

A hearing was had on June 1, 1949 at which evidence was introduced; the above-mentioned doctors were either cross-examined by petitioner, or the right to cross-examine certain of them was waived. The commission affirmed its previous award de-- nying petitioner further compensation. Petitioner brings this appeal under section 56-972, A.C.A.1939.

The evidence adduced at the hearing sustained the commission's findings that petitioner did not connect his hernia with his original injury. However, the evidence did tend to prove that petitioner was suffering from an anxiety neurosis at the time of his discharge on January 17, 1946 and is still suffering from the same.

The sole question here is did the petitioner lose his rights by not filing for a rehearing on the award of February 7, 1946, within twenty days as provided by the rules of the commission. The legislature authorized the commission to make its own rules of procedure; sections 56-904 to 56-911, A.C. A.1939. Rule 37 of the Rules of Procedure of the Industrial Commission provides:

"*Rehearings; Time of Application; Protest*:—Any party aggrieved by any award or decision of the Commission granting or denying compensation must file his application for a rehearing thereof at the office of the Commission, Arizona State Building, Phoenix, Arizona, within twenty (20) days after the service of the award or the decision complained of. Filing of application as contemplated above, means actual receipt of the same at the office of the Commission, and not date of mailing or date appearing on instrument.

"In the event the party aggrieved by any award or decision of the Commission granting or denying compensation, filed his written notice of protest within twenty (20) days after the service of the award or decision complained of, said notice of protest will stay award or decision from becoming final and will allow said aggrieved party twenty (20) days from the date of filing said written notice of protest within which to file his application for a rehearing of said award or decision at the office of the Commission. Failure to file said application for rehearing within said twenty (20) days from the filing of said written notice of protest constitutes a waiver of the right to rehearing."

Petitioner was bound to follow Rule 37, supra, and then appeal within thirty days as provided by section 56-972, supra. This he failed to do. The matter therefore is res judicata.

In Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547, 548, we said:

"The Industrial Commission in making the award acts judicially (citing case) and its judgment upon the facts then existing is res adjudicata. (Citing cases.)"

"* * * 'An award not appealed from is as binding upon the commission as it is upon the workman, and may not be further reviewed so far as the findings as to the compensation due to the workman at that date are concerned.'

"Respondents urge that since the commission made Rule 33 that it had the right to waive it. We recognize that the commission may in the interest of justice and under proper circumstances waive strict compliance with its own rules, but this presupposes jurisdiction to act in the matter.

The commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and the court has no more power to waive a rule than it has to commit any other judicial act concerning the subject matter.

"A court cannot re-create an exhausted jurisdiction by waiving a rule that has already operated to close the book of judicial inquiry. There must at some time be an end to litigation. To uphold the commission herein would lead to interminable confusion and uncertainty. No one interested would ever know what were his ultimate rights and obligations. * * *"

However the commission has a right to reopen a case when jurisdictional facts such as a changed condition are recited in the petition. Stewart v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217. If at the hearing on a reopening of a case the evidence sustains the allegations of the petition the commission then has continuing jurisdiction to alter or amend the award.

In the instant case petitioner failed to show any changed condition that would permit the commission to take jurisdiction and amend the award. Petitioner's evidence related back to the time of the award of February 7, 1946, and therefore cannot again be considered at this late date.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.