224 P.2d 199

## JUPIN v. INDUSTRIAL COMMISSION et al.

No. 5362.

Supreme Court of Arizona.

Nov. 20, 1950.

Marks & Marks, of Phoenix, for petitioner.

Robert E. Yount, Phoenix, for respondent Industrial Commission, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel.

UDALL, Justice.

Petitioner, Mike Jupin, while employed by Allison Steel Manufacturing Co., received an injury by accident arising out of and in the course of his employment. The record shows that on February 15, 1945, he slipped and fell from a truss atop a building, twisting and wrenching his back. Petitioner made claim for compensation. Respondent Industrial Commission of Arizona, the insurance carrier, assumed jurisdiction, and an award for temporary disability was made on May 14, 1945, providing for compensation from date of injury to April 30, 1945. This first award was based upon an advisory medical report of three doctors who stated:

"* * * We are of the opinion that the complaints are mild and insignificant and that he (Jupin) has recovered from any strain which he may have sustained on February 15, 1945.

"We are further of the opinion that he is neither totally nor partially disabled at this time. * * *"

After more than 20 days had elapsed and this award had become final, petitioner filed application for readjustment or reopening of claim, accompanying same with a medical report by Dr. George A. Williamson who stated that he found no evidence of any functional disability, and that it was apparent from the history and physical examination of petitioner that there was no organic evidence of disability attributable to his original accident. Dr. E. Payne Palmer, in a subsequent separate report, concurred in the views of Dr. Williamson. The commission promptly denied this application for reopening and its action became final.

No further steps were taken by petitioner for nearly two years. On April 30, 1947, he again filed an application for reopening his claim. The medical reports supporting this application showed that petitioner was suffering from tuberculosis of the spine, a condition precipitated by the original accident. On the basis of previously undiscovered disability the commission, acting under the provisions of Sec. 56-967, A.C.A.1939, and Rule 64, Rules of the Industrial Commission, made its second award dated May 19, 1947, for further accident benefits and compensation for temporary total disability to date from April 30, 1947—the date of filing application therefor—and to continue until further order of the commission.

Petitioner has no complaint regarding his current allowance. The sole issue presented is whether the commission erred, as a matter of law, in denying petitioner's subsequent claim for compensation for the two-year period between April 30, 1945, when he was cut off compensation, and April 30, 1947, the date when the current application was filed. From this third award denying readjustment of compensation for the two-year period, petitioner prosecuted this appeal by certiorari.

As the question presented is not a matter of first impression, certain well-established principles of law determine this appeal adversely to petitioner.

■ A claimant must show affirmatively that he is entitled to compensation. Blasdell v. Industrial Comm., 65 Ariz. 373, 181 P.2d 620; Tooley v. Weisbarth, 66 Ariz. 230, 186 P.2d 638.

■ The first award in 1945, when no appeal was taken therefrom within the time allowed by law, became final and is now res judicata. Zagar v. Industrial Comm., 40 Ariz. 479, 14 P.2d 472; Lee Moor Contracting Co. v. Industrial Comm., 65 Ariz. 300, 179 P.2d 786; Beutler v. Industrial Comm., 67 Ariz. 72, 190 P.2d 918; Nevitt v. Industrial Comm., 70 Ariz. 172, 217 P. 2d 1039.

■ The commission's jurisdiction to reopen the case for further proceedings was wholly dependent upon a compliance with the statute and rule heretofore cited and a showing of new or previously undiscovered disability. Radaca v. United States Smelting, Refining & Mining Co., 62 Ariz. 464, 158 P.2d 540.

■ Compensation for new, additional, or previously undiscovered disability can begin only as of the date of application therefor. See Sec. 56-967, supra; Rule 64, supra, as these were interpreted and applied in Zagar v. Industrial Comm., supra, and Russell v. Bald Eagle Mining Co., 44 Ariz. 105, 33 P.2d 616.

■ If we were to accept petitioner's contention that he was originally discharged in error as having recovered and therefore was entitled to compensation for the two-year period in question, the commission, under this view, would have been without jurisdiction to entertain an application to reopen the case on the theory of a previously undiscovered disability. Since petitioner failed to take the necessary legal steps to have the first award reviewed, that award became res judicata, but fortunately for petitioner, the doctrine of res judicata also applies to the second award, hence, his present attitude does not defeat the latter award. The commission was manifestly correct in denying retroactive effect to petitioner's last claim for readjustment of compensation.

Award affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINO, JJ., concur.