225 P.2d 701

TRANSCONTINENTAL BUS SYSTEM, Inc.
v. INDUSTRIAL COMMISSION et al.

No. 5252.

Supreme Court of Arizona.

Dec. 19, 1950.

Fennemore, Craig, Allen & Bledsoe, Phoenix, for petitioner.

Robert E. Yount, Phoenix, H. S. Mc-Cluskey and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission.

## DE CONCINI, Justice.

Transcontinental Bus System, Inc., the petitioner, had in its employ one Oscar McCloud, hereinafter referred to as the employee, a red cap and janitor in its bus station in Phoenix, Arizona. While on duty April 4, 1945 the employee sustained a severe injury by falling off a balcony to the cement floor below. The accident occurred in the early morning hours. There were no witnesses. He was discovered about 3:20 a. m. in an unconscious condition.

Application for compensation was made soon after the accident. The Commission denied the claim on the ground that the employee did not sustain an injury arising out of and in the course of his employment.

On April 2, 1946 a second application for compensation was filed alleging that the first application was made by the employee's sister without authority. On July 3, 1946 the Commission set aside its former order denying compensation and set the matter down for a formal hearing. Several hearings were had in which testimony was taken and on September 19, 1947 the Commission made an award allowing the employee medical benefits and compensation. On April 13, 1949, approximately 18 months after the award, petitioner applied for a rehearing on the ground of newly-discovered evidence. On June 14, 1949 the Commission denied the rehearing on the ground that the matter was res judicata. Within the time provided by law, the petitioner appealed from the decision of the Commission to this court under section 56-972, ACA 1939.

Petitioner's motion for a rehearing was based on an affidavit of counsel that new evidence was discovered in the way of a report of a urinalysis made from a specimen of the employee taken at the time of the injury on April 4, 1945. The purport of the newly discovered evidence was such that it would show that the employee had 0.36% alcoholic content in his urine at the time of the accident which would indicate his physical and mental condition to be between confusion and stupor; that such a drunken condition would amount to an abandonment of his employment as pronounced in King v. Alabam's Freight Co., 38 Ariz. 205, 298 P. 634.

The Commission refused to reopen the case on the grounds of res judicata. We must first look to the Rules of Procedure adopted by the Commission under authority granted by the legislature in section 56-904, ACA 1939, to ascertain whether the motion was timely made. Rule 37 may be summarized as follows: Any party aggrieved by an award or decision of the Commission must file a protest or a motion for a rehearing within 20 days from the date of the award. Obviously the petitioner is not within the 20-day limit. Petitioner nevertheless contends that under the newly-discovered evidence rule it is entitled to a rehearing. It is true that the Commission retains jurisdiction to reopen a case upon a showing of a change in the physical condition or earning power of an injured employee and hence evidence of a changed condition could be introduced. Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217.

For parallel authority we may refer to the rule of practice in our own superior courts. There are three statutes in Arizona Code Annotated, 1939, which permits the reopening of a case after judgment: a) Section 21-1309 provides that when service is had by publication, the defendant, upon good cause shown, may have the case reopened within one year; b) Section 21-1502 states that when a judgment has been taken against a party through his mistake, inadvertence, surprise or excusable neglect, he may have it set aside within 6 months from date of judgment; c) Section 21-1301 specifies the statutory grounds for new trials. Subparagraph 4 of section 21-1301 reads, "Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial." The statute regulating the time within which such a motion must be made is controlled by section 21-1305, ACA 1939, which states: "A motion for a new trial shall be served not later than ten (10) days after the entry of the judgment, except that a motion for a new trial on the ground of newly-discovered evidence may be made after the expiration of such period and before the expiration of the time for appeal, with leave of court obtained on notice and hearing and on a showing of due diligence."

From the foregoing it can be seen that the time in which a motion for a new trial can be made in the superior courts is limited by section 21-1305, supra, to the date of expiration of the time for appeal.

The parties here, of course, are not bound by the superior court rules of procedure but rather by the rules of procedure adopted by the Commission. The only rule applicable to motions for rehearing is Rule 37, supra. The Commission does not have a special rule covering motions for rehearing on the ground of newly-discovered evidence. In the absence of a motion for rehearing under Rule 37 or

an appeal from the award of the Commission as provided by section 56-972, ACA 1939, therefore, the same is res judicata. Beutler v. Industrial Commission, 67 Ariz. 72, 190 P.2d 918; Lauderdale v. Industrial Commission, 60 Ariz. 443, 139 P.2d 449; Nevitt v. Industrial Commission, 70 Ariz. 172, 217 P.2d 1039.

Award affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.