251 P.2d 890

HARRIS v. INDUSTRIAL COMMISSION.

No. 5707.

Supreme Court of Arizona.

Dec. 15, 1952.

72

Beumler & Beumler, of Douglas, for petitioner.

Robert E. Yount, Phoenix, for respondent Industrial Commission. Perry M. Ling and Robert W. Pickrell, Phoenix, of counsel.

PHELPS, Justice.

This is a review by certiorari of an award of the Industrial Commission of Ari-

zona denying petitioner, L. E. Harris, compensation for permanent partial disability because of an injury to his back and for hospital benefits for the operation.

L. E. Harris, petitioner herein, was injured on January 26, 1948, by an accident which arose out of and in the course of his employment in which he suffered a compression fracture of the fifth thoracic vertebra and a compound fracture of the distal ends of the left tibia and fibia.

On February 18, 1948, the commission entered its findings and order and stated that the petitioner was entitled to accident benefits.

On July 20, 1949, the applicant was examined by a consulting board consisting of Doctors Littlefield, Swartzmann and Hastings who took into consideration the then existing complaints of petitioner Harris and stated:

"It is the opinion of the undersigned examiners that this man has postural deficiencies in his back, *independent of the injury,* which are sufficient to account for his back complaints. From a standpoint of clinical findings, there is little, if anything, referable to the injury demonstrable in his back. It is our opinion that his complaints are out of all proportion to the physical findings or to the X-ray findings so far as the spine is concerned. We feel that a brace is not indicated, since it will

additionally fix his attention upon his back complaints. * * *" (Emphasis supplied.)

On August 31, 1949, Dr. E. W. Adamson, the family physician of petitioner, and who was then attending him professionally, wrote the commission a letter disagreeing with the finding of the medical board and asserted that in his opinion petitioner had sustained a permanent back injury as a result of the accident in question.

On September 21, 1949, the commission entered its findings and award for scheduled permanent disability. It awarded petitioner all of his accident benefits until September 2, 1949, and further awarded him compensation for total temporary disability from January 27, 1948, through September 2, 1949, in the sum of $4,880.88 and for permanent partial disability equal to 20% loss of function of the left leg in the sum of $184.80 monthly for ten months.

After the order of September 21, 1949, was made, petitioner made application for rehearing on October 21, 1949, based primarily on his alleged back injury.

On December 5, 1949, pursuant to a request of the claims department, the petitioner was examined by the medical advisory board and their findings at that time relative to his back injury were described as being entirely of psychological origin.

On the 16th day of January, 1950, the commission entered an order denying the rehearing.

After granting another rehearing and hearing evidence thereon both at Douglas and at Phoenix, the commission on November 18, 1950, entered an order that the findings of September 21, 1949, be affirmed.

Another petition for rehearing was made and the same denied on April 21, 1951, by the commission. On February 1, 1952, petitioner again filed a petition for rehearing based upon newly discovered evidence in the form of additional testimony of Dr. Louis Breck who performed a spinal fusion operation on petitioner. On May 5, 1952, the petitioner was again examined by the medical advisory board and their report again stated: "There is no medical evidence at this time to justify reopening of the case."

On June 18, 1952, the commission entered its findings and award and ordered that there is no medical evidence to indicate that petitioner is suffering any new or previously undiscovered disability attributable to his back injury.

On June 30, 1952, petitioner again asked for a rehearing based upon the alleged back injury and asked for compensation therefor and for the payment of medical expenses incurred for the spinal fusion operation by Dr. Louis W. Breck on August 15, 1951. It is from this order denying a rehearing and affirming the previous findings and award of the commission of September 21, 1949, that this writ of certiorari issued.

■ Petitioner's assignment of error states that the commission's decision is contrary to the law and the evidence for the reason that it fails to award compensation because of the injury to his back and for hospital benefits for the operation. Petitioner has claimed in all of his petitions that he sustained a permanent injury to his back as a result of the accident. Evidence was received at all of the hearings relative to the back injury. The findings and award of September 21, 1949, allowing compensation of a scheduled permanent partial disability for 20% functional disability of the left leg and allowing nothing for back injury is in effect a finding and award that petitioner did not suffer permanent partial disability of his back as alleged. This fact was expressly found by the commission in its findings and award on rehearing bearing date January 16, 1950. No appeal was taken from these findings and award. They are therefore res judicata. In none of the subsequent petitions of petitioner was it claimed that there had been any change in the physical condition of his back since the original award, i. e., new, additional or previously undiscovered disability. It is only when such change is shown that the commission has jurisdiction to reconsider such a case. Nevitt v. Industrial Commission, 70 Ariz. 172, 217 P.2d 1039.

■ Even though we should not take cognizance of the fact that the findings and award of the commission relating to

petitioner's back injury are res judicata, the sharp conflict in the evidence on the last hearing before the commission on the question of whether petitioner was suffering from a disability to his back, attributable to the original accident, for which compensation was denied, makes its findings and award binding on us. Bishop v. Industrial Commission, 59 Ariz. 331, 127 P.2d 129; Womack v. Industrial Commission, 73 Ariz. 385, 241 P.2d 814.

After the petitioner's spinal fusion operation performed by Dr. Breck, and a letter by him to the commission relating thereto, the claims department requested another medical examination of the petitioner by the medical advisory board.

On May 5, 1952, the petitioner was reexamined by the medical advisory board. In their report, the board came to a totally opposite finding than did Dr. Breck with reference to petitioner's alleged back injury, finding that there was no medical evidence to justify reopening of the case.

■ The attempt of counsel for petitioner to differentiate between the character of the testimony given by Dr. Breck and the medical advisory board has no merit. The medical advisory board reported that there was no objective findings to justify reopening of the case. Dr. Breck in his letter to the attorneys for petitioner stated that his permanent disa-

bility rating of petitioner was 25% of the body as a whole due to the injury in his upper back; 35% of the left ankle due to the mal-united fracture present there. He attributed the injury to the upper back to a "ruptured intervertebral disc in the thoracic region." But in his letter to the commission after performing the spinal fusion operation he stated he made no explorations to confirm his diagnosis as "I didn't think it was indicated." The testimony of Dr. Breck as contained in his letter and the report of the medical advisory board must both be placed in the category of opinion evidence, each entitled to the same consideration by the commission.

■ Petitioner's claim for medical expenses incurred for a spinal fusion operation by Dr. Breck on August 15, 1951, has no basis in law. Section 56–967, A.C.A. 1939, provides in part that " * * * No increase or rearrangement shall be operative for any period prior to application therefor, * * *." We are of the view that the above portion of section 56–967 is controlling. See Jupin v. Industrial Commission, 71 Ariz. 131, 224 P.2d 199.

Accordingly the award of the Industrial Commission of July 17, 1952, is affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.