469 P.2d 103

James Allen STOUT, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Pepsi-Cola Metropolitan Bottling Company, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 348.

Court of Appeals of Arizona, Division 1, Department B.

May 12, 1970.

**212**

Langerman, Begam & Lewis by Jack Levine, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent, Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Harlan J. Crossman, Phoenix, for respondent Carrier, State Compensation Fund.

HAIRE, Judge.

In this appeal by certiorari from an award of the Industrial Commission, the Court is required to determine the extent to which the petitioner may recover medical, surgical and hospital expenses incurred prior to the time he files a petition to reopen his claim relating to a prior industrial injury.

James Allen Stout (hereinafter, petitioner) injured his back in January 1967 in the course of his employment. On October 23, 1967, the Industrial Commission of Arizona (hereinafter, the Commission) entered its "Findings and Award for Temporary Disability" awarding petitioner medical benefits through October 15, 1967, and compensation for total temporary disability for the period during which petitioner was unable to work (March 16, 1967, through April 4, 1967). No application for hearing was made within twenty days as provided for in said award, and therefore it became final.

Thereafter petitioner continued to have mild, nondisabling back problems with minor pain in his right leg until January 1969. At that time, his low back pains and the pain in his right leg became much more severe. From February 10, 1969, through February 22, 1969, the petitioner was hospitalized. During this hospitalization, petitioner underwent surgery for removal of a herniated disc. He subsequently returned to work on March 10, 1969.

On March 5, 1969, shortly before he returned to work, petitioner filed a petition to reopen his claim seeking compensation for the time he lost from his employment and reimbursement for medical expenses relating to this surgery and hospitalization. When notified of the filing of the petition to reopen, the employer's insurance carrier (the State Compensation Fund) denied liability, claiming that petitioner's condition was unrelated to the January 1967 injury. Thereafter, pursuant to the provisions of A.R.S. § 23-947, petitioner timely requested

:a hearing concerning his petition to re-open.[1]

A formal hearing was held before a hearing officer on September 3, 1969. The hearing officer determined that petitioner had "a new, additional or previously un-discovered condition" which was attrib-utable to the January 1967 injury. The hearing officer's findings also stated that petitioner was disabled from February 10, 1969, through March 10, 1969,[2] and was hospitalized for the first thirteen days of that period. The hearing officer awarded:

"1. Medical, surgical and hospital bene-fits and compensation as provided by law from and after March 5, 1969.

"2. All reasonable and necessary medi-cal expenses and laboratory work ex-penses incurred herein as provided by A.R.S. 23–1061(h)."

As can be seen from the foregoing, by limiting medical, surgical and hospital bene-fits to expenses arising from and after March 5, 1969 (the date petitioner filed his petition to reopen), the hearing officer in effect denied the major portions of peti-tioner's medical, hospital and surgical ex-penses, since those expenses were incurred prior to March 5, 1969. The hearing offi-cer's reason for so limiting the award to petitioner was stated in his findings:

"3. Under the provisions of 23–1061(h) and the Arizona Supreme Court holding in Harris v. Industrial Commission of Arizona (75 Ariz. 71 [251 P.2d 890] ) applicant is not entitled to compensation or payment of medical expenses incurred prior to the filing of his PETITION TO REOPEN."

Petitioner requested review by the Com-mission of the hearing officer's award and the Commission thereafter affirmed his de-cision. Petitioner timely brought the mat-ter before this Court by way of certiorari to review the lawfulness of the award.

A.R.S. § 23–1270 requires that petitions to reopen filed subsequent to January 1, 1969, be processed in accordance with the procedural provisions of the law in effect after January 1, 1969. Counsel for the petitioner and counsel for the respondent carrier have treated this statutory provi-sion as applying not only to the filing, hear-ing and appeal procedures relating to this petition to reopen, but also to the amount of benefits which petitioner would be en-titled to receive. As will be noted from the following discussion, A.R.S. § 23–1061, subsec. H, which became effective January 1, 1969, in addition to containing some pro-visions which are obviously procedural also contains a provision which increases to some extent the medical benefits allowable in connection with petitions to reopen. We doubt that this provision in A.R.S. § 23–1061, subsec. H allowing an increase in benefits can be classified as "procedural", and for this reason we question the appli-cability of such provision to this petition to reopen, inasmuch as the original injury, claim and final award occurred before January 1, 1969. However, because in our opinion petitioner would not be entitled to the relief sought on this appeal under either the pre-1969 cases and statute (A.R.S. § 23–1061, subsec. C prior to its amendment) or the present § 23–1061, subsec. H, we need not decide on this appeal which law governs.

Petitioner contends that he is entitled to recover the full amount of the medical, surgical and hospital expenses which he incurred during February and March 1969 prior to the filing of his petition to reopen, and not merely the "reasonable and neces-sary medical examination and laboratory work expenses" incurred in connection with obtaining the physician's statement which must accompany the petition to reopen.

1. Unless otherwise indicated herein, all refrences to statutes are to statutes ef-fective January 1, 1969 and thereafter.

2. The finding concerning disability is im-material to the issues raised on this ap-peal, since petitioner only questions those provisions of the award dealing with medical, hospital and surgical benefits.

**214**

A.R.S. § 23–1061, subsec. C, prior to its amendment effective January 1, 1969, read as follows:

"C. Like application shall be made for an increase or rearrangement of compensation. *No increase or rearrangement shall be operative for any period prior to application therefor,* and any increase or rearrangement shall be within the limits and classifications provided in this chapter." (Emphasis added.)

This statute has been interpreted in several Arizona decisions as prohibiting the payment of benefits except such as are incurred after the filing of the petition to reopen. Harris v. Industrial Commission, 75 Ariz. 71, 251 P.2d 890 (1952); Zagar v. Industrial Commission, 40 Ariz. 479, 14 P.2d 472 (1932); Jupin v. Industrial Commission, 71 Ariz. 131, 224 P.2d 199 (1950). Thus it is clear that under the pre-1969 law petitioner would not have been entitled to recover any of the benefits he now seeks.

Assuming for the purposes of this opinion that the 1969 law relating to benefits payable upon the filing of a petition to reopen might be applicable, does it allow payment to petitioner of the benefits here sought?

A.R.S. § 23–1061, subsec. H provides as follows:

"An employee may reopen his claim to secure an increase or rearrangement of compensation or additional benefits by filing with the commission a petition requesting the reopening of his claim upon the basis of new, additional or previously undiscovered temporary or permanent condition, which petition shall be accompanied by a statement from a physician setting forth the physical condition of the employee relating to the claim. The payment for such reasonable and necessary medical examination and laboratory work expense shall be paid for by the employer's insurance carrier or the self-insuring employer if it accepts the petition as hereinafter provided. No other additional compensation shall be

payable for any period prior to the date of filing of the petition."

■ The hearing officer construed the foregoing statute to mean that except for medical examination and laboratory work expenses which are reasonable and necessary for obtaining the physician's statement required by A.R.S. § 23–1061, subsec. H to accompany the petition to reopen, no compensation—the term "compensation" including medical benefits—may be paid a petitioner for medical expenses incurred prior to filing his petition for reopening.

We think that this construction is in accord with the legislative intention. It is apparent that A.R.S. § 23–1061, subsec. H represents an attempt by the legislature to codify the above-mentioned decisions, with a liberalizing provision allowing recovery of examination and laboratory expenses incurred by the petitioner in preparing for the filing of his petition to reopen. The legislature did not, however, go any further in allowing recovery of expenses incurred prior to the filing of the petition to reopen. To the contrary, the legislature clearly stated in the last sentence of A.R.S. § 23–1061, subsec. H that "[n]o other additional compensation shall be payable for any period prior to the date of filing of the petition."

■ Petitioner's arguments for a contrary construction are not persuasive. He first asserts that the term "compensation" as used in the last sentence of A.R.S. § 23–1061 subsec. H does not include "medical benefits" and that, therefore, his prepetition to reopen surgical and medical expenses are compensable.

We disagree. The context of the last sentence of A.R.S. § 23–1061, subsec. H wherein the term appears, as well as the context of that whole section, make it abundantly clear that "compensation" as that term is employed in the last sentence of that section is used in a broad and all-inclusive sense. Our reaching this result is further supported by A.R.S. § 23–901, which includes in its definition of the term

"compensation", the "*benefits* provided by this chapter." (Emphasis added.)

Petitioner also contends that the hearing officer's interpretation of this statute might lead to "absurd" results in situations requiring emergency medical treatment. Our response to this contention is limited to noting only that there is nothing in the record of this case which would indicate any emergency precluding or interfering with the filing of the petition to reopen by petitioner prior to the incurring of the medical, surgical and hospital expenses here involved.

Petitioner next contends that irrespective of A.R.S. § 23–1061 subsec. H the Industrial Commission has jurisdiction to amend its October 23, 1967 award to include his surgical expenses herein by virtue of the following language in said award:

"* * * [J]urisdiction * * * is hereby reserved to alter, amend or rescind this award upon good cause."

Petitioner's error is in thinking that in exercising the jurisdiction it reserved in its October 23, 1967 award, the Industrial Commission can ignore the language of A.R.S. § 23–1061, subsec. H or its predecessor in pre-1969 law, § 23–1061, subsec. C. As will be shown, that statute is the stepping-stone to invoking the jurisdiction reserved in the Industrial Commission.

The Arizona Supreme Court in early decisions made it clear that the post-award jurisdiction reserved by the Industrial Commission can be invoked only by showing that a new or previously undiscovered condition (a § 23–1061, subsec. H situation) has developed from the injury since the time of the original award, and that such a showing is the "good cause" referred to in the language quoted above from the Commission's award herein. See Zagar v. Industrial Commission, *supra*; Radaca v. United States Smelting, Refining & Mining Co., 62 Ariz. 464, 158 P.2d 540 (1945); and Scott v. L. E. Dixon Co., 42 Ariz. 525, 27 P.2d 1109 (1934).

We cannot help but note the similarity of language of A.R.S. § 23–1061, subsec. H stating the grounds for a petition to reopen, " * * * new, additional or previously undiscovered * * * condition * * * ", and the language of the Arizona Supreme Court in the cases listed above, e. g., Zagar, *supra*, " * * * new and undiscovered disabilities * * * " (40 Ariz. at 485, 14 P.2d 472). We think from the foregoing it logically follows that the legislature, in its recent enactment of A.R.S. § 23–1061, subsec. H, intended to codify the foregoing case law and provide by express statutory language the method of invoking the Industrial Commission's reserved jurisdiction to alter, amend or rescind its award.

The award is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.