474 P.2d 44

Thomas W. HAGERTY, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Martensen Enterprises, Inc., Allison Steel Mfg. Co. and the State Compensation Fund, Respondents.

No. I CA-IC 384.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 3, 1970.

Rehearing Denied Oct. 1, 1970.

Miller & Haggerty, by Philip M. Haggerty, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, The Industrial Commission of Arizona, Snell & Wilmer, by Burr Sutter, Phoenix, for Allison Steel Mfg. Co.

Robert K. Park, Chief Counsel, by Ronald M. Meitz, Phoenix, for State Compensation Fund.

CAMERON, Judge.

This is a writ of certiorari to review the lawfulness of an award and findings of the Industrial Commission of Arizona issued 19 November 1969 denying reopening of the petitioner's claim.[1]

The question before the Court is whether that award is reasonably supported by the evidence. The petitioner sustained the following injuries:

One, a blow to the right temple caused by a steel band snapping under pressure and a clamp attached to it hitting the petitioner in the head. This occurred 21 October 1965 while he was employed by Allison Steel Manufacturing Company, a self insurer.

Two, 1 August 1966, petitioner's partner dropped one end of a heavy roll of fencing, leaving the petitioner holding all of the weight. This injury was to the neck and shoulder area. Petitioner at the time was employed by Martensen Enterprises, Inc., insured by the State Compensation Fund.

Three, superimposed upon these two injuries were two non-industrial injuries, a laceration of the right arm and a whiplash.

Both industrial claims were closed by a single award on 11 September 1967. This award became final and is res judicata.

A petition to reopen was filed on 24 September 1968 in the second claim (1 August 1966). A petition to reopen was filed on 7 November 1968 in Claim No. 1 (21 October 1965). Both petitions were denied by awards dated 8 January 1969 and 2 January 1969, respectively.

The petitioner was examined by a medical consultation board composed of Doctors Aidem, Ruland, Litton-Smith, Ettleson, and Hartman on 24 April 1969. The board reported to the Commission as follows:

"1. It is the opinion of the consultants that the patient's condition is stationary as regards the injury of 8–1–66.

"2. It is further the opinion of the consultants that no further treatment is indicated in regard to his association with the above mentioned injury.

"3. Further, the consultants feel that there is no residual from the disability attributable to the injury in question and that he can now be discharged.

"4. The consultants are of the opinion that he is physically capable of carrying on any activity which he wishes.

"5. The consultants find no evidence in the history or examination to relate the patient's interim difficulties and several operative procedures to the industrial accident. No findings or procedures which have been carried out subsequent to his discharge from treatment are related, the consultants believe, to his original two industrial accidents nor can they be related to his nonindustrial injuries."

At a hearing conducted 18 September 1969, the petitioner was afforded an opportunity to cross-examine the medical consultants, and to present evidence. Following the hearing, the Commission issued the award complained of, denying reopening of both claims.

■ We concern ourselves with testimony relative to the period from 24 September 1968, the date of the petition to reopen. Stout v. Industrial Commission, 12 Ariz. App. 211, 469 P.2d 103, filed 12 May 1970.

■ The testimony of Dr. Herbert V. Brown related only to the period prior to

---

1. This case was decided under the law as it existed prior to 1 January 1969.

26 May 1966 and is not pertinent to the time period to which we are limited. Four members of the five member Medical Consultation Board testified, Dr. Howard P. Aidem, Dr. Maurice B. Ruland, Dr. Abraham Ettleson, and Dr. Stanford F. Hartman. These men unanimously supported the conclusion that they had reached in their report of 24 April 1969. These doctors had made a medical examination of the petitioner, as well as reviewing the file. In addition, Dr. Howard P. Aidem had treated the petitioner. This Court has carefully reviewed the extensive file in this case, and it is the opinion of the Court that the award of the Commission finds reasonable support in the evidence.

Award affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.