485 P.2d 296

Mary Louise COLEMAN, (Formerly Mary Louise Chavez), Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Saint Mary's Hospital of Tucson, Respondent Employer,

State Compensation Fund, Fidelity Casualty Company of New York, Continental Casualty Company, Respondent Carriers.

No. 1 CA–IC 515.

Court of Appeals of Arizona, Division 1, Department B.

May 27, 1971.

Davis & Eppstein, by Robert W. Eppstein, Tucson, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent, The Industrial Commission.

Chandler, Tullar, Udall & Richmond, by William J. Augustine, Tucson, for respondent employer, St. Mary's Hospital of Tucson, and respondent carrier, Continental Casualty Co.

Robert K. Park, Chief Counsel, by Dee-Dee Samet, Phoenix, for respondent carrier, State Compensation Fund.

Carl E. Hazlett, Tucson, for respondent carrier, Fidelity Casualty Co. of N. Y.

HAIRE, Judge.

This review by certiorari involves six Industrial Commission awards consolidated for purposes of review. The petitioning employee contends that the Commission incorrectly attributed her disability to a prior "closed" industrial claim rather than to a current industrial injury which petitioner alleges occurred on March 10, 1969.

The pertinent facts are as follows. On April 16, 1969 petitioner filed a claim for an injury alleged to have occurred on March 10, 1969. Thereafter, on August 7, ·1969 she also filed petitions to reopen five closed Industrial Commission claims relating to prior compensable injuries which she had received. The Industrial Commission affirmed awards entered by the hearing officer relating to petitioner's claims, which in essence held (1) that insofar as concerns the new claim, the petitioner did not sustain an injury by accident arising out of and in the course of her employment on March 10, 1969, and (2) that insofar as concerns the petitions to reopen, the petitioner had sustained a new, additional or previously undiscovered condition referable to the latest of the prior claims, relating to an injury which occurred on June 20, 1968, designated as Claim No. NK 6223. The award on the reopening gave petitioner appropriate medical and compensation bene-

fits from and after *August 7, 1969,* the date of the filing of the petitions to reopen.

Practically stated, and from petitioner's viewpoint, the entire purpose of this requested review is to obtain for petitioner compensation and medical benefits for the period of time between March 10, 1969 and August 7, 1969, the first date being the time of the alleged new injury, and the second being the date of filing the petitions to reopen relating to the prior closed claims. In order to accomplish this result petitioner urges that we should find that:

(1) The Commission erred in denying the compensability of the new claim relating to the March 10, 1969 episode; or

(2) If we concur with the Industrial Commission's finding that there was no injury by accident arising out of and in the course of petitioner's employment on March 10, 1969, then we should hold that the claim relating to the March 10, 1969 episode should be treated as an "informal" petition to reopen; or

(3) That notwithstanding petitioner's failure to file her petition to reopen until August 7, 1969, she should be given an award of benefits retroactive to March 10, 1969.

Because of the fact that different insurance carriers are involved, if we adopt petitioner's first contention and render a decision contrary to the Commission's present award, the effect would be to shift the liability from the respondent carrier, Fidelity Casualty Company of New York to the respondent carrier Continental Casualty Company.[1] If we adopt the second or third contention, the liability would remain with the respondent Fidelity Casualty Company of New York, but that liability would be increased so as to cover benefits for the

---

1. The State Compensation Fund was the carrier responsible for the payment of petitioner's first four industrial claims. Fidelity Casualty Company of New York was the carrier at the time of the June 20, 1968 claim, and is now responsible for the payment of benefits awarded by the Commission's granting of the petition to reopen relating to that claim. Continental Casualty Company was the carrier on March 10, 1969, the time of the alleged new injury, and would therefore become liable in place of Fidelity if there in fact has been a new compensable injury.

approximately five months between March 10, 1969 and August 7, 1969.

In our opinion, the Commission's awards were not contrary to the law, but rather were fully supported by the evidence and must be affirmed.

■ Referring first to petitioner's first contention, it would serve no useful purpose to fully detail the evidence presented to the Commission. Arguably there might have been some evidence which would have supported a finding by the Commission that an injury by accident arising out of and in the course of petitioner's employment did occur on March 10, 1969. However, in our opinion by far the greater weight of the evidence supported the Commission's award attributing the disabilities to the 1968 injury. There is adequate support in the evidence for the Commission's resolution of this question and petitioner's first contention must be rejected.

■ We next consider petitioner's other contentions through which she seeks benefits for the five month period which preceded the filing of the petitions to reopen. The effective date for benefits which the Commission may award in granting petitions to reopen is governed by A.R.S. § 23–1061 H and has been fully discussed and considered by this Court in Stout v. Industrial Commission, 12 Ariz.App. 211, 469 P.2d 103 (1970). The pre-filing benefits sought by petitioner herein are excluded by the statute and thus the Commission correctly refused to award the same in allowing the reopening of the June 28, 1968 claim. Nor is there any basis for petitioner's contention that the Commission should *ex post facto* treat the new claim relating to the alleged March 10, 1969 injury as a petition to reopen the closed award relating to the June 20, 1968 injury. Aside from the fact that different insurance carriers are involved thus giving rise to serious due process notice questions, the simple truth of the matter is that the new claim did not in any way purport to be a petition to reopen the prior claim or claims. The provisions of A.R.S. § 23–1061 H are clear and unambiguous and, based upon the evidence presented, were correctly applied by the Commission.

■ This Court is not endowed with any legal authority to amend or ignore valid legislative enactments. Any request for change in the public policy expressed in such statutes must be addressed to the legislature and not to this Court.

The awards are affirmed.

JACOBSON, P. J., and EUBANK, J., concur.