497 P.2d 410

Ida Mae MEEKS, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Loo's Restaurant, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 642.

Court of Appeals of Arizona, Division 1, Department A.

May 25, 1972.

Rehearing Denied June 7, 1972.

Review Denied July 13, 1972.

Westover, Keddie & Choules, by Douglas S. Stanley, Yuma, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondent carrier.

CASE, Judge.

This appeal by certiorari from an award of the Industrial Commission raises three issues.

1. Is petitioner entitled to benefits prior to the filing of a petition to reopen?

2. Are the medical costs incurred prior to the filing of a petition to reopen a reasonable and necessary expense pursuant to A.R.S. § 23–1061, subsec. H?

3. Was the petition to reopen a new claim?

The facts necessary for a determination of these issues are as follows:

On 15 September 1967 petitioner sustained an industrially related injury. She was treated by Dr. Paul Slosser for a right sacroiliac strain. Petitioner filed her claim and on 14 November 1967 the Commission entered its Final Findings and Award which granted to· claimant, among other things,

"Accident benefits (medical benefits) from the Accident Benefits Fund, causally connected, as reported to and accepted by this Commission to date."

No further action was taken by petitioner until 24 June 1970 when she filed her Petition to Reopen. The petition was denied on 24 July 1970, which denial was timely protested, and a hearing was held 19 February 1971.

At the hearing, petitioner testified that between November 1967 and April 1970 she would experience back pains which would come and go and that she consulted Dr. Slosser five or six times. The record reflects that on 10 April 1970 the petitioner was hospitalized because her doctor felt that further treatment was necessary. Her complaints continued and she was referred to Dr. John R. Green. Dr. Green discovered a ruptured intervertebral disc which he removed. Petitioner remained at St. Joseph's Hospital in Phoenix for some 12 days, returning to Yuma where she remained in bed for three weeks. Thereafter, on 24 June 1970 she filed her petition.

As a result of this hearing, the hearing officer entered a Decision upon Hearing and Findings and Award holding that petitioner was entitled to further benefits as of 24 June 1970 since her problems were new, additional and previously undiscovered injury relating to the 15 September 1967 accident. The hearing officer further found that all benefits under the Act were effective as of 24 June 1970. The petitioner, on the other hand, contends that she is entitled to benefits beginning April 1970,

and it is from his denial of the earlier benefits that this appeal is taken.

Is petitioner entitled to benefits prior to the filing of a petition to reopen?

Petitioner's contention is that since she did not relate the September 1967 injury to her problems in April of 1970, she was somehow precluded from filing a Petition to Reopen. She urges that in effect this was an "emergency" situation which removes her from the requirements of § 23–1061, subsec. H, or its predecessor in pre-1969 law, § 23–1061, subsec. C. Stout v. Industrial Commission, 12 Ariz.App. 211, 469 P.2d 103 (1970). We do not agree.

■ When an award is entered and not appealed within the time prescribed, it becomes res judicata. Harris v. Industrial Commission, 75 Ariz. 71, 251 P.2d 890 (1952). Accordingly, the Findings and Award entered 14 November 1967 was res judicata. The Commission had no further jurisdiction until such time as the Petition to Reopen was filed.

■ We do not believe that the Stout decision indicates that a so-called "emergency" would relieve petitioner of the necessity of filing a Petition to Reopen. What the Court said in that decision was that there was nothing in the record which indicated any emergency which would preclude petitioner from filing a Petition to Reopen prior to his incurring the medical, surgical and hospital expenses. In any event, the factual situation herein involved clearly indicates that petitioner had been experiencing difficulty with her back for an extended period of time and that she could have filed a petition at any time after the medical cause was known.

Are the medical costs incurred prior to the filing of a petition to reopen a reasonable and necessary expense pursuant to A.R.S. § 23–1061, subsec. H?

■ The Stout case is strikingly similar to the instant case. Petitioner there, as here, contended that he was entitled to recover the full amount of the medical, surgical and hospital expenses which he incurred prior to the filing of his Petition to Reopen and not merely the reasonable and necessary medical examination and laboratory work expenses incurred in connection with obtaining the physician's statement which must accompany a Petition to Reopen. In that case, Judge Haire, speaking for the Court, analyzed A.R.S. § 23–1061, subsec. H and its predecessor, § 23–1061, subsec. C. We do not believe that it is necessary for a determination of the issues herein involved to repeat the Court's reasoning. Suffice it to say that petitioner is not entitled to recover the expenses of her surgery prior to her filing a Petition to Reopen.

Was the petition to reopen a new claim?

■ The main thrust of petitioner's argument is that since she did not receive any benefits in 1967 and since her complaints in 1970 are latent manifestations of her injury in 1967, she should be compensated from the date that the injury became manifest, i. e., April 1970. We do not agree.

■ In 1967 the applicable law was A.R.S. § 23–1061, subsec. D. Our Supreme Court has construed this statute to be one of limitation which does not begin to run until the injury manifests itself. Collins v. Industrial Commission, 102 Ariz. 509, 433 P.2d 801 (1967). Petitioner herein filed her claim in 1967 and received all benefits to which she was entitled. Therefore, § 23–1061, subsec. D has no application as petitioner filed for and received benefits.

The award of the Commission is affirmed.

DONOFRIO, and JACOBSON, JJ., concur.