[Civil No. 4746.   Filed May 7, 1945.]

[158 Pac. (2d) 672.]

TIBURZIO MICHELETTI, Petitioner, v. THE INDUSTRIAL COMMISSION OF ARIZONA; RAY GILBERT, EARL ROOKS and FRED E. EDWARDS, as Members of and Constituting The Industrial Commission of Arizona, and SAFEWAY STORES, INC., and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondents.

Mr. W. H. Chester and Mr. Z. Simpson Cox, for Petitioner.

Mr. H. S. McCluskey and Mr. David P. Jones, for Respondent The Industrial Commission of Arizona; Mr. Theodore G. McKesson and Mr. Thomas P. Riordan, for Respondents Safeway Stores, Inc., and Hartford Accident & Indemnity Company.

STANFORD, C. J.—This proceeding comes to us on petition for writ of *certiorari* to have this court set aside an award of the Industrial Commission of Arizona refusing to assume jurisdiction of an amended application for rehearing of an award denying compensation to petitioner under our Workman's Compensation Law.

It is petitioner's claim that on or about August 15, 1943, while working for Safeway Stores, Inc., "loading meat something snapped in back, as meat was heavy, about 300 lbs." He continued to work for respondent employer for about three months, or from August 15, 1943 to November 23, 1943, and then changed positions and went to work for the Alabam Freight Lines for a short time as watchman. He later returned to the Safeway Stores, Inc., taking a lighter job of sorting eggs.

Dr. Robert S. Flinn, to whom the petitioner first went about his injury, submitted to the Industrial Commission his initial report of attending physician November 26, 1943, in which he stated patient told him:

"I was lifting a 300 lb. beef with another man; he hurt himself and let all the weight come to me and I felt severe pains in my back and sides. The pains got worse and I now have pains in my legs and also very frequent urination."

Dr. Flinn also stated that the date of his first treatment of petitioner was September 14, 1943.

Petitioner filed his claim with the Industrial Commission on December 14, 1943. The Industrial Commission on January 4, 1944, issued its notice of injury. On January 14, 1944, respondent employer and insurance carrier filed a denial of liability. Thereafter petitioner, or claimant, visited the office of the Industrial Commission and asked the commission if he should not have a lawyer. He was advised that he should not employ a lawyer, that the commission would protect his interest. The petition for formal hearing was filed January 20, 1944 and set down for February 24, 1944. On March 11, 1944, the commission entered its award denying compensation. On March 23, 1944, petitioner asked for a rehearing on the grounds, among other things, that he was unable to understand the proceedings of February 24, 1944. On March 28, 1944, the commission entered its order denying a rehearing. Thereafter petitioner was informed that if he could secure medical evidence of his injury by accident the commission would grant a rehearing. Dr. Charles N. Ploussard filed his report with the commission April 4, 1944. Amended petition and application for rehearing was filed April 10, 1944. The commission caused notice of hearing to be given on May 26, 1944, and said hearing was set for June 14, 1944. At the time of hearing objections to jurisdiction and rights of commission to hear amended petition for rehearing were filed by respondents employer and insurance carrier. Reply to respondents' objection to jurisdiction was filed June 29, 1944. On July 5, 1944, the commission entered its order as follows:

"It is Ordered that all acts of this Commission done after the expiration of twenty days from the Order Denying Rehearing made and entered by this Commission on March 28, 1944, are null, void and of no effect by reason of lack of jurisdiction."

The petitioner has submitted seven assignments of error. The ones which concern us in this case are the third and fourth ones, which are as follows:

"3. The Commission erred in its 'Order' dated July 5, 1944, in ordering 'that all acts of this Commission done after the expiration of twenty days from the Order Denying Rehearing made and entered by this Commission on March 28, 1944, are null, void and of no effect by reason of lack of jurisdiction.' "

"4. The Commission and its members erred in this, as in all cases set for hearing before it or in which hearing is requested, in failing, neglecting and refusing to hear any of the testimony presented; and in having ALL testimony heard by a referee without the presence of the Commission or any of its members."

The respondents herein have submitted to us the case of *Guy F. Atkinson Co.* v. *Kinsey,* 61 Ariz. 127, 144 Pac. (2d) 547, 548. We agree it is our holding there that when jurisdiction is lost, it cannot be recovered. From that case we quote:

"Respondents urge that since the commission made Rule 33 that it had the right to waive it. We recognize that the commission may in the interest of justice and under proper circumstances waive strict compliance with its own rules, but this presupposes jurisdiction to act in the matter. The commission does not have continuing jurisdiction for an indefinite length of time for all purposes. When a matter is decided and the judgment becomes final, the jurisdiction is exhausted and the court has no more power to waive a rule than it has to commit any other judicial act concerning the subject matter. . . .

"A court cannot re-create an exhausted jurisdiction by waiving a rule that has already operated to close the book of judicial inquiry. There must at some time

be an end to litigation. To uphold the commission herein would lead to interminable confusion and uncertainty. No one interested would ever know what were his ultimate rights and obligations. It is not a case of rearrangement of an award and the principles concerning an increase or rearrangement have no application. The principles herein announced are approved in other jurisdictions. (Citing cases.)

"We hold, therefore, that the commission had no jurisdiction to make the award herein. There is no necessity of considering the other points raised. The award is set aside."

The petition filed for a writ of *certiorari* in this matter expressly sets forth, as a ground for the issuance of the writ, that the petitioner was an Italian by nativity and could not speak the English language well, and that he needed an interpreter and asked for one, which was not granted to him. Also the petition for the writ stated that he inquired of the Industrial Commission if he should not have a lawyer to represent him and he was advised by the commission that the commission would represent him and he need not employ an attorney. But these matters are not made a part of the assignments of error.

Petitioner sets forth in his petition and order for writ of *certiorari* in this court,

" . . . On March 28, 1944, the Commission entered its order Denying Rehearing; that Petitioner was requested to come to the offices of the Industrial Commission of Arizona where he was informed that if he could secure medical evidence of his injury by accident that the Commission would grant a rehearing of the matter; that relying upon this representation Petitioner was examined by Dr. Charles N. Ploussard who made a report of his examination which was filed with the Commission on April 4, 1944; that Petitioner was then informed that he would have to present a new petition and application for rehearing and that a rehearing would be granted; that Petitioner filed his Amended Petition and Application for Rehearing

on April 10, 1944, in accordance with the instructions of the Commission; that the Commission then sent Petitioner to Dr. Warner Watkins, Phoenix, Arizona for examination and report; that the Commission then made an appointment and sent Petitioner to be examined by Drs. Moore, Watkins, Ploussard and Flinn; that this consulting board reported: 'If he sustained an accident as alleged on August 15, 1943, such an accident in our opinion could be responsible for an aggravation of the pre-existing arthritis to the extent of 10% general disability.'; that the Commission caused notice of hearing to be given on May 26, 1944, and said hearing was set for June 14, 1944; that at the time of hearing Respondents employer and insurance carrier presented their 'Objections to Jurisdiction and Right of Commission to hear Amended Petition and Application for Rehearing'; . . . .''

From the brief of the respondent Industrial Commission of Arizona, we quote the following:

''Admittedly, the Commission directed the petitioner to be examined by doctors upon two occasions. Admittedly, the Commission set the case for hearing and issued subpoenas. In so far as the record speaks, the defendants were advised on April 6, 1944, that the applicant had been examined by Dr. James R. Moore (Records 37 and 47), and that notice of rehearing had been served upon all parties on May 26, 1944.

''In so far as the record speaks, the allegation that the employer, nor the insurance carrier, nor the Commission objected to these proceedings prior to the time they were instituted on April 3, 1944, and the 14th day of June, 1944, is supported by the record. . . . .''

Under Section 56–973, Arizona Code Annotated 1939, is the following:

''*Latitude of commission in procedure.*—The commission shall not be bound by the rules of evidence, or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out the spirit of this article.''

■■ Under the law this court has to determine from the record all questions pertaining to cases of this character. If, however, it appears that some action was taken, and no record made of it, we would have a right to consider such fact. The allegations contained in the petition of *certiorari* to the effect that after the commission had entered its order on March 28th denying the rehearing, petitioner was requested to come to the office of the Industrial Commission, where he was advised that if he could secure medical evidence of his injury by accident, he would be granted a rehearing of the matter, is for all practical purposes admitted in the answer of the commission. The answer merely states that the record does not disclose this fact. The record does disclose that the petitioner was examined by Dr. Ploussard on March 31, 1944, and presumptively this examination was in compliance with the advice given to him. We, therefore, must assume that the statement contained in the petition was made to the petitioner on or prior to March 31st. This advice or action on the part of the commission amounted to a statement or ruling that notwithstanding the order denying the motion for rehearing, the matter would be continued to give the applicant an opportunity to produce the medical evidence necessary. The subsequent proceedings indicate that all parties acted upon the assumption that the order of March 28th was not intended to be final. The applicant produced the medical report from Dr. Ploussard. He was allowed to file an amended petition for rehearing. He was examined by various doctors and the matter was noticed for hearing. We think the commission erred in holding that it was without jurisdiction.

Under the provisions of Sec. 56–973, *supra,* the commission is not bound by formal rules of procedure. Inasmuch as the order denying compensation to the applicant was entered on March 11th, under the rules

of the commission he had at least until the 31st day of March to file his petition for rehearing, or an amended petition. Likewise, during that twenty day period the commission had the right, even though it denied the motion for rehearing on the 28th, to set that order aside and extend the time for rehearing. This is in effect what it did. The amended petition was therefore properly filed and the commission had jurisdiction to accept it. It is true that the law requires the commission to make a record of all its proceedings. However, if this action was actually taken, as we have assumed, its omission from the record cannot be invoked adversely to the applicant. Section 3 of its own rules provides as follows:

"The commission may grant an extension of time within which to comply with any rule when it shall deem such extension to be proper and reasonable."

We construe its action, in advising the applicant "that if he could secure medical evidence of his injury by accident, that the commission would grant a rehearing of the matter," as an extension of his right to rehearing. This action was taken at a time when the commission had jurisdiction within the rule established in the Atkinson case, *supra*. The position we take here also had the sanction of *Doby* v. *Miami Trust Co.*, 39 Ariz. 228, 5 Pac. (2d) 187, where estoppel was invoked against the commission from contending that a payment to an injured employee, resulting from a compromise agreement, was not an award that the claim was compensable. In that case it was also held that a letter sent by the commission, without entry of a formal award, would be treated as in effect a denial of petition for rehearing, from which an appeal would lie.

Other procedural questions raised have been disposed of in the case of *Radaca* v. *United States Smelt-*

*ing, Refining & Mining Co., ante,* p. 464, 158 Pac. (2d) 540, in our opinion rendered on April 30, 1945.

The award is set aside.

LaPRADE and MORGAN, JJ., concur.