320 P.2d 470

Jeff D. DICKEY, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, and Magma Copper Company, Respondent-Employer, Respondents.

No. 6489.

Supreme Court of Arizona.

Jan. 21, 1958.

Connor & Mahoney, Phoenix, for petitioner.

Robert K. Park, Phoenix, for respondent Industrial Commission of Arizona, John R. Franks, Donald J. Morgan and James D. Lester, Phoenix, of counsel.

Guynn & Twitty, Phoenix, for respondent Employer.

PHELPS, Justice.

By certiorari we are called upon to determine the question of whether the Industrial Commission committed error in denying an award to petitioner Dickey under the Arizona Occupational Disease Disability Act, A.R.S. § 23–1101 et seq.

The facts are that Dickey worked underground for the Magma Copper Company from February 1945 until August 1948. Prior to going to work for the Magma Company he had worked for a number of years for three or four small mining companies doing underground work so that together with his work at the Magma Company he had worked more than 1250 shifts underground within the 10 years immediately preceding November 28, 1950, the date he asked to be discharged because of physical disability. Dickey had contracted silicosis as a result of this underground work, and in 1948 he was given work on the surface where he was no longer exposed to silicon dioxide dust.

On March 18, 1950, Dickey filed application with the Industrial Commission for compensation under the Occupational Disease Disability Law by reason of total disability due to silicosis. After an investigation the Commission on December 14, 1950, entered its decision denying compensation and medical benefits upon the ground that the medical experts found he was not totally disabled. Application for rehearing was granted Dickey by the Commission and a hearing was held on February 16, 1951. The evidence at that hearing established that since 1948 Dickey worked on a number of light surface jobs maintained by the Magma Company at all times as essential to their mining operations on which they gave employment to employees who were disabled to the extent that they could not perform their usual regular work. From the record submitted in the instant case, it appears that he continued to work for the Magma Company

on these light jobs "off and on" until the early part of 1956.

On April 11, 1951, the Commission affirmed its former award of December 14, 1950, denying compensation and medical expenses. No appeal was taken from this order. However, on August 20, 1956, Dickey filed an application allegedly based on new evidence seeking a rehearing on the original petition filed with the Commission on March 18, 1950, and alleged that he had been totally disabled since March 4, 1956. A new claim was not filed and it is clear that Dickey relies upon his right to reopen the original application. He argues that by virtue of the language used in its decision of December 14, 1950, and affirmed April 11, 1951, the Commission found Dickey "qualified for compensation under the Occupational Disease Law except for the degree of his disability" and thereby intended to hold the case open for further consideration. The language relied upon reads as follows:

"It Is Ordered that claimant and the attending physician and other interested parties take nothing by virtue of said claim.

"It Is Further Ordered that if the above-named applicant becomes totally disabled, or dies, by reason of silicosis, or asbestosis, within two years from the last day upon which said above-named applicant actually worked for the above-named defendant employer against whom compensation is claimed, (the employer in whose employment applicant was last injuriously exposed to harmful quantities of silicon dioxide ($SiO_2$) dust, or asbestos dust, during a period of sixty days or more) the Commission will accept for consideration said above-named applicant's claim for compensation provided said claim is filed with this Commission within one year after the date said above-named applicant first becomes disabled; * * *."

Respondent argues that it can find no justification for the interpretation which Dickey claims should be given to the language of the Commission above set forth. We agree with respondent that the language used does not justify the interpretation urged by Dickey. The Commission expressly found that Dickey was not then "totally disabled"; that under the provisions of said law no compensation or medical benefits could be allowed; and that it was therefore without jurisdiction in the premises. A finding that Dickey was not "totally disabled" compelled the conclusion that he was not entitled to compensation.

When the Commission denied Dickey compensation on April 11, 1951, it did so in language that was unequivocal and

286

assigned its reasons therefor. It thereby exhausted its jurisdiction in that case, absent a petition for rehearing. No petition for rehearing was filed. Therefore, such decision and order became res judicata. Guy F. Atkinson Co. v. Kinsey, 61 Ariz. 127, 144 P.2d 547.

The language used in the second paragraph quoted above from the Commission's decision seems to have been borrowed from the provisions of A.R.S. § 23–1268. However, that section may be invoked only where compensation previously granted has been terminated. It provides for reinstatement of compensation but has no application whatever to cases where compensation has never been granted.

The instant case is clearly distinguishable from Micheletti v. Industrial Commission, 62 Ariz. 490, 158 P.2d 672, in that the court in that case interpreted the actions and specific requests of the Commission as clearly indicative of an intention to continue the matter in order to give the applicant an opportunity to produce the medical evidence necessary. We can gather no such intent from the language above quoted. Other cases cited have no application.

Award affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and JOHNSON, JJ., concur.