439 P.2d 834

**Max NUNEZ and Irene Nunez, husband and wife, Appellants,**

**v.**

**ARIZONA MILLING COMPANY, an Arizona corporation, Appellee.**

**No. I CA–CIV 462.**

Court of Appeals of Arizona.

April 17, 1968.

Rehearing Denied May 22, 1968.

Caine, Brigham & Hocker, by R. Kelly Hocker, Tempe, for appellants.

Snell & Wilmer, by John J. Bouma, Phoenix, for appellee.

MOLLOY, Judge.

This is an appeal from a summary judgment in favor of the defendant-employer in

an action brought under the Employers' Liability Law, A.R.S. § 23–801 et seq. The complaint alleges that while the plaintiff was employed by the defendant, the plaintiff developed "mercuric poisoning," " * * * caused by accident due to conditions of plaintiff's employment."[1]

Prior to the filing of this complaint in the superior court, the plaintiff had filed an application with the Industrial Commission of Arizona for "benefits," stating, *inter alia,* that he had been injured "about two weeks prior to 10/6/62" and that the "accident" had occurred at "Arizona Milling Co.— Mesa, Arizona." In describing "how" the accident had occurred, he stated:

"I was sacking grain, barley & wheat, had extreme difficulty in breathing."

The Arizona Industrial Commission treated the claim as one for benefits either under the Workmen's Compensation Act (A.R.S. § 23–901 as amended, et seq.) or the Occupational Disease Disability Act (A.R.S. § 23–1101 et seq.). Benefits under both acts were denied by the Commission in an "award" which in its findings stated that the applicant had not sustained a " * * * personal injury by accident arising out of and in the course of his employment";[2] that the applicant's attending physician had diagnosed his condition as:

" '1. Bronchitis, active—infective.

" '2. Suspect pneumoconiosis,' "
and that the applicant was examined by a thoracic surgeon who found " 'Coccidioidomycosis (Valley Fever)' " and a ' "chronic

pulmonary condition similar to that of Pneumoconiosis * * * ' "

The Commission further found that neither bronchitis nor coccidioidomycosis are diseases covered under the Occupational Disease Disability Law, that the only forms of pneumoconiosis recognized as compensable under that Act were either silicosis or asbestosis and that the applicant had not been exposed to substances causing these pathologies at the Arizona Milling Company. Based upon these findings, there was an award entered denying the application for benefits and allowing twenty days in which to apply for a rehearing. This order was entered on May 6, 1963, and no motion for rehearing was timely made.

It is conceded in the briefs filed in this court that (1) the injuries for which the plaintiff is seeking recovery in this action are the same as those which were the subject of the claim filed with the Industrial Commission; (2) the "mercuric poisoning" for which the plaintiff seeks recovery is one of the diseases[3] covered by the Occupational Disease Disability Act; (3) the plaintiff's employment with the defendant was one covered by both the Workmen's Compensation Act and the Occupational Disease Disability Act; (4) the defendant-employer had fully complied wtih both of these acts as to providing coverage, posting notices, and keeping forms available for rejection of these acts by its employees and (5) that the plaintiff had not exercised his option to reject either of these acts.

The plaintiff relies upon constitutional provisions[4] and upon the doctrine of res

---

1. This allegation from the complaint adopts, in part, the language of the Employers' Liability Act:
   " * * * death or injury, caused by an accident due to a condition or conditions of such occupation * * *."
   A.R.S. § 23–801.

2. This adopts, in part, the language of A.R.S. § 23–1021 (of the Workmen's Compensation Act):
   " * * * who is injured * * * by accident arising out of and in the course of his employment * * *."

3. A.R.S. § 23–1102 reads, in part:
   "For the purposes of this chapter only the diseases enumerated in this section shall be deemed to be occupational diseases:
   *   *   *   *   *
   "9. Poisoning by:
   *   *   *   *   *
   "(n) Mercury or its compounds."

4. Reliance is taken upon the following sections of our Constitution, A.R.S.:
   Art. 2, § 31:
   "No law shall be enacted in this State limiting the amount of damages

judicata. The defendant relies both upon exclusive remedy statutes [5] and upon the doctrine of res judicata. The defendant contends that the plaintiff's constitutional arguments have been foreclosed by decisions such as Industrial Commission v. Frohmiller, 60 Ariz. 464, 140 P.2d 219 (1943); Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658 (1926); Williams v. Magma Copper Company, 5 Ariz.App. 236, 425 P.2d 138 (1967); and Ream v. Wendt, 2 Ariz. App. 497, 410 P.2d 119 (1966).

We affirm under an application of the doctrine of res judicata, because this is the weapon of mutual choice and because we deem it appropriate to avoid constitutional decision when other principles of law are controlling, Iman v. Southern Pacific Company, 7 Ariz.App. 16, 435 P.2d 851 (1968).

The plaintiff's res judicata argument is that, the Industrial Commission having determined there was " * * * non-coverage under the act * * *," this a binding determination upon the defendant-employer, who did not appeal from this decision and it cannot now take the position that the Industrial Commission erred in denying compensation.

Defendant-employer's response to this contention is that it is in no way attacking the finding of the Industrial Commission that there was no coverage under either of the pertinent acts. Instead it argues that the plaintiff's claim that he was injured by accident in the course of his employment by mercuric poisoning having once been litigated before a competent tribunal and determined adversely to him, he may not have a new trial on these same factual issues before another tribunal.

We agree with this latter position. Our Supreme Court on many occasions has said that awards of the Industrial Commission are "res judicata" when not upset on rehearing or appeal. Dickey v. Industrial Commission of Arizona, 83 Ariz. 283, 320 P.2d 470 (1958); Kelsey v. Industrial Commission, 79 Ariz. 191, 286 P.2d 195 (1955); Smith v. Industrial Commission of Arizona, 79 Ariz. 18, 281 P.2d 797 (1955); Harris

to be recovered for causing the death or injury of any person."
Art. 18, § 6:
   "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."
Art. 18, § 7:
   "To protect the safety of employees in all hazardous occupations, in mining, smelting, manufacturing, railroad or street railway transportation, or any other industry the Legislature shall enact an Employer's Liability law, by the terms of which any employer, whether individual, association, or corporation shall be liable for the death or injury, caused by any accident due to a condition or conditions of such occupation, of any employee in the service of such employer in such hazardous occupation, in all cases in which such death or injury of such employee shall not have been caused by the negligence of the employee killed or injured."

5. Among the statutes in the Workmen's Compensation Act relied upon are:
   A.R.S. § 23–1022 (in part):
   "A. The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer, except as provided by §§ 23–906 [requiring the posting of notices of the option of the employee to reject compensation prior to injury] and 23–964 [requiring self insurers to post notice of this fact], and except where the injury is caused by the employer's wilful misconduct * * *."
   A.R.S. § 23–1024 (in part):
   "A. An employee, or his legal representative in event death results, who makes application for an award, or with the consent of the commission accepts compensation from an employer, waives the right to exercise any option to institute proceedings in court."
   A comparable statute in the Occupational Disease Disability Act, A.R.S. § 23–1222, reads:
   "The right to recover compensation pursuant to the provisions of this chapter for occupational diseases sustained by an employee and arising out of or in the course of his employment, whether or not resulting in death, shall be the exclusive remedy therefor against the employer, except as to employees who reject the provisions of this chapter."

v. Industrial Commission, 75 Ariz. 71, 251 P.2d 890 (1952); Jupin v. Industrial Commission, 71 Ariz. 131, 224 P.2d 199 (1950); and Magma Copper Co. v. Naglich, 60 Ariz. 43, 131 P.2d 357 (1942). An analysis of these decisions, however, indicates the court was concerned in each case with the binding effect of an Industrial Commission determination upon a subsequent proceeding before that same tribunal. No domestic decision being available, we resort to the law of other jurisdictions.

■ Generally, in matters rightfully within its jurisdiction, the Industrial Commission has the same powers as a court to make binding adjudications upon the parties. LeJeune v. Gulf States Utilities Company, 410 S.W.2d 44 (Tex.Civ.App.1966); Hines v. Continental Baking Company, 334 S.W.2d 140, 84 A.L.R.2d 1027 (Mo.App. 1960); 58 Am.Jur. Workmen's Compensation § 493, 886–87; 100 C.J.S. Workmen's Compensation § 655, pp. 982–986.

■ Whether the plaintiff had sustained mercuric poisoning and whether he was injured by an "accident"[6] during the course of his employment were factual issues determined in the Industrial Commission proceeding and these determinations are binding upon the parties in subsequent litigation. Scott v. Industrial Accident Commission, 46 Cal.2d 76, 293 P.2d 18 (1956); French v. Rishell, 40 Cal.2d 477, 254 P.2d 26 (1953); Duprey v. Shane, 39 Cal.2d 781, 249 P.2d 8 (1952); Drier v. Randforce Amusement Corporation, 17 Misc.2d 389, 185 N.Y.S.2d 628 (1959); Texas Employers' Insurance Ass'n v. Rampy, 392 S.W.2d 350 (Tex.1965).

6. We do not necessarily hold that the word "accident" as contained within the Employers' Liability Act, A.R.S. § 23–801, has exactly the same meaning as the word "accident" in the Workmen's Compensation Act, A.R.S. § 23–1021. But in view of the very broad interpretation given to the word "accident" as used in the Workmen's Compensation Act, see Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962); Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961); Reilly v. Industrial Commission, 1 Ariz.App. 12, 398 P.2d 920 (1965);

See also Restatement of Judgments § 68;[7] Annot., 84 A.L.R.2d 1036.

Judgment affirmed.

KRUCKER, J., and NORMAN S. FENTON, Superior Court Judge, concur.

NOTE: Judge JAMES D. HATHAWAY having requested that he be relieved from consideration of this matter, Judge NORMAN S. FENTON was called to sit in his stead and participate in the determination of this decision.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

Mead v. American Smelting & Refining Company, 1 Ariz.App. 73, 399 P.2d 694 (1965), we believe the holding of the Industrial Commission that no "accident" occurred forecloses the possibility of an "accident" having occurred under the Employers' Liability Act.

7. The Restatement denominates the controlling doctrine here as "collateral estoppel," an aspect of the broader doctrine of "res judicata." See "Introductory Note" at commencement of Ch. 3, Restatement of Judgments, at 160–61.