697 P.2d 1100

**FREMONT INDEMNITY COMPANY
and The Estes Company,
Petitioners,**

v.

**The INDUSTRIAL COMMISSION OF
ARIZONA, Respondent,**

**Brian Mingin, Respondent Employee.**

**No. 1 CA–IC 3005.**

Court of Appeals of Arizona,
Division 1, Department C.

Aug. 14, 1984.

Jones, Skelton & Hochuli by Calvin Harris, Phoenix, for petitioners.

Sandra Day, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Davis, Eppstein & Hall, P.C. by Philip J. Hall, Tucson, for respondent employee.

OPINION

GREER, Judge.

The employer and carrier (petitioners) in this workmen's compensation case request review of the decision of the hearing judge awarding the claimant unscheduled permanent partial disability benefits. The central issue on review is whether the hearing officer erred in giving *res judicata* effect

to an out-of-state disability award for a prior injury, and finding it conclusive proof of a pre-existing impairment, for the purpose of unscheduling the claimant's current scheduled injury. We hold that the judge did err, and therefore we set aside the award.

The claimant sustained a work-related knee injury in Arizona in 1980. His claim for benefits was accepted. The carrier subsequently issued a Notice of Permanent Disability Benefits, finding that the claimant had sustained a 15% permanent partial disability to his leg. The claimant protested the notice. At the hearing, the claimant contended that his injury should be unscheduled rather than scheduled, due to the existence of a previous work-related unscheduled injury which he incurred in New Jersey in 1975.[1] The claimant submitted a judgment from the New Jersey Department of Labor and Industry, Division of Workmen's Compensation, which indicated that he had suffered a back injury which resulted in an 11% permanent partial disability. The hearing officer entered his decision finding that the claimant's Arizona knee injury was scheduled. He reasoned that although the New Jersey judgment was *res judicata* as to a finding of permanent partial disability under the Full Faith and Credit Clause of the United States Constitution, the claimant failed to meet his burden of proving that the prior disability resulted in lost earning capacity at the time of the 1980 Arizona injury. On the claimant's request for review, the hearing officer modified his decision, finding that the claimant had in fact established the causal relation between his prior back injury and lost earning capacity, and the judge therefore awarded unscheduled permanent partial disability benefits pending a loss of earning capacity determination.

The employer and carrier present two arguments on appeal. First, the hearing judge erred in giving the prior New Jersey judgment *res judicata* effect under the Full Faith and Credit Clause, and therefore the claimant did not meet his burden of proving a prior impairment. Second, the claimant failed to prove that the New Jersey injury resulted in a loss of earning capacity at the time of the Arizona injury.

■ Before addressing the parties' arguments, we note that the petitioners' *res judicata* argument is more properly labeled a collateral estoppel argument. This distinction becomes important in deciding whether or not the petitioners are bound by the New Jersey judgment, and if so, to what extent. The term *res judicata* encompasses the doctrines of merger, bar and collateral estoppel. The First *Restatement of Judgments* contains a concise summary of these principles.

If a judgment is rendered in favor of the plaintiff, the cause of action upon which the judgment is based is merged in the judgment, and the plaintiff cannot thereafter maintain an action on the original cause of action. If the judgment is rendered in favor of the defendant on the merits, the original cause of action is barred by the judgment. In either case the original cause of action is extinguished by the judgment no matter what issues were raised and litigated in the action, or even if no issues were raised or litigated and judgment was rendered by default.

On the other hand, where the subsequent action is based upon a different cause of action from that upon which the prior action was based, the effect of the judgment is more limited. The judgment is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment. It is not conclusive as to questions which might have been but were not litigated in the original action. This is the doctrine of collateral estoppel.

The doctrine of collateral estoppel is operative where the second action is between the same persons who were par-

---

1. New Jersey does not distinguish between scheduled and unscheduled injuries. The employee admits that had his 1975 injury occurred in Arizona, it would have been of the unscheduled variety, and he therefore characterizes his previous injury as unscheduled.

ties to the prior action, whether the second action is brought by the plaintiff or by the defendant in the original action. It is operative whether the judgment in the first action is in favor of the plaintiff or of the defendant.

*Restatement of Judgments*, (1942) § 68, p. 294.[2] The issue in this case is one of collateral estoppel. The current action to unschedule the Arizona injury is a different cause of action from the first proceeding in which the claimant sought benefits for his New Jersey injury. The claimant seeks to use the prior determination of "disability" offensively to preclude the petitioners in this case from litigating the issue of the existence of a pre-existing impairment.

The employer and carrier argue that they are not bound by the New Jersey judgment under the doctrine of *res judicata* because they were not parties to that judgment. They also contend that the judgment is not admissible to conclusively prove the matters decided therein, and therefore the claimant could not use the judgment to meet his burden of proving a previous impairment in order to unschedule his Arizona injury. The claimant contends that the New Jersey adjudication was a proceeding *in rem*, as it fixed his status as "permanently, partially disabled," and therefore it is binding upon the world. He urges us, without citation, to analogize this situation to marriage, which is an *in rem* proceeding.

## I.

As an initial consideration, we don't doubt that to the extent the Full Faith and Credit Clause[3] applies to this case, we should give the New Jersey judgment the same *res judicata* effect which the judgment would be accorded in New Jersey. *See Tarnoff v. Jones*, 17 Ariz.App. 240, 497 P.2d 60 (1972). However, the issue in this case is not the enforcement of the New Jersey judgment as between the parties to

that judgment; this case is not concerned with Full Faith and Credit. The issue is, in Arizona, what effect does a prior judgment for an unscheduled industrial injury have in a claimant's attempt to unschedule a subsequent scheduled injury?

## II.

■ In order to resolve this question, we must determine whether a workmen's compensation proceeding is *in rem* or *in personam*. We hold that a workmen's compensation proceeding is a matter *in personam*.

A judgment in personam imposes a personal liability or obligation on one person in favor of another. A judgment in rem affects the interests of all persons in designated property.

*Mims v. Valley National Bank*, 14 Ariz. App. 190, 194, 481 P.2d 876, 880 (1971), quoting *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228, 1235, 2 L.Ed.2d 1283 (1958). The New Jersey award for compensation which finds an 11% permanent partial disability is not a judgment which purports to fix the rights of all interested parties in a particular piece of property or *res*. The purpose of the proceeding is to determine whether or not an employer will be liable for compensating the employee for injuries sustained. *See*, 1 A. Larson, *Workmen's Compensation Law*, § 1-1.20, p. 1-5. This concept is exemplified by Art. 18 § 8 of the Arizona Constitution, which states in pertinent part,

The Legislature shall enact a Workmen's Compensation Law ... by which compensation shall be required to be paid to any such workman, in case of his injury ..., by his employer ...

*See also, Mutual Benefit Health and Accident Assoc. v. Neale*, 43 Ariz. 532, 33 P.2d 604 (1934). An award directing payment of compensation benefits imposes personal liability upon the employer. The status of

---

**2.** The *Restatement (Second) of Judgments* (1982) handles issue preclusion in § 27, et seq.

**3.** Art. IV, § 1 of the United States Constitution provides, in pertinent part:

Full Faith and Credit shall be given in each State to public Acts, Records, and judicial Proceedings of every other State.

the claimant as "disabled" or not, although a material issue, is incidental to the purpose of the proceeding.

### III.

■ Having decided that a workmen's compensation proceeding is a matter *in personam*, the next issue is whether the prior New Jersey award is binding on the petitioners in this case. It is undisputed that the petitioners in this case were not parties to the New Jersey judgment. Nonparties to an *in personam* proceeding, which culminates in an award holding the New Jersey employer liable for compensation benefits, can not be conclusively bound by such an award. *See Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). In *Hansberry*, the United States Supreme Court stated:

It is a principle of general application in Anglo-American jurisprudence that one is not bound by judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.

311 U.S. at 40, 61 S.Ct. at 117 (citations omitted).

The *Restatement (Second) of Judgments*, (1982) § 34, states, in pertinent part:

. . . . .

(3) A person who is not a party to an action is not bound by or entitled to the benefits of the rules of res judicata, except as stated in §§ 30–32 [judgments in rem] and in this Chapter.

*See also*, 3 A. Larson, *The Law of Workmen's Compensation*, § 79.72(a) (the principles of res judicata apply to the decisions

of compensation boards and commissions). The reasoning behind this rule is that due process requires that a party must have litigated or had an opportunity to litigate the former action in a court of competent jurisdiction before *res judicata* principles will bind him to that judgment. *Lauderdale v. Industrial Commission*, 60 Ariz. 443, 139 P.2d 449 (1943). We stated in *Nunez v. Arizona Milling Company*, 7 Ariz.App. 387, 439 P.2d 834 (1968), " . . . factual issues determined in the Industrial Commission proceeding . . . are binding *upon the parties* in subsequent litigation." 7 Ariz.App. at 390, 439 P.2d 834 (emphasis added). Additionally, A.R.S. § 23–947(B), which deals with a party's right to file a request for hearing within ninety days of an Industrial Commission award, supports this position. That section states, in part:

. . . Failure to file with the commission within the required ninety days by a party means that the determination by the commission, insurance carrier or self-insuring employer is final and res judicata *to all parties* . . . .

(emphasis added).

Finally, we recognize that in the case of a previous *unscheduled* injury,[4] allowing the claimant to conclusively prove his pre-existing impairment through the prior judgment prevents the employer and carrier from adducing evidence to show that, even assuming the impairment existed at the time of the original injury, the impairment no longer exists—a situation which A.R.S. § 23–1044(F)(1) clearly contemplates.[5] *See also, Modern Industries, Inc. v. Industrial Commission*, 125 Ariz. 283, 609 P.2d 98 (App.1980).

We hold that the hearing officer erred in determining that the petitioners in this case

---

**4.** As opposed to a previous scheduled injury, *see Roth Construction Company v. Industrial Commission*, 126 Ariz. 147, 613 P.2d 307 (1980).

**5.** A.R.S. § 23–1044(F)(1) provides:

For the purposes of subsection (C) of this section the commission shall, in accordance with the provisions of § 23–1047 when the physical condition of the injured employee becomes stationary, determine the amount which represents the reduced monthly earn-

ing capacity, and upon such determination make an award of compensation *which shall be subject to change in any of the following events:*

1. Upon a showing of a change in the physical condition of the workman subsequent to such findings an award arising out of the injury resulting in the reduction or increase of his earning capacity.

(Emphasis added).

were bound by a judgment which they had no opportunity to contest.[6]

## IV.

Having decided that the petitioners were not bound by the New Jersey judgment, the issue arises as to whether the prior judgment is even admissible in the subsequent proceeding, and if so, whether it has any bearing on the claimant's burden of proof.

■ In order to unschedule a scheduled injury, the claimant first bears the burden of proving a pre-existing impairment at the time of the subsequent injury. *Asbestos Engineering and Supply Co. v. Industrial Commission*, 131 Ariz. 558, 642 P.2d 903 (App.1982); A.R.S. § 23–1044(E).

■ In this case, the hearing judge found that

As the February 24, 1975 Judgment for Permanent Partial Disability Benefits reflects on its face a finding of medical fact regarding the L4–L5 disc injury, and a finding of permanent partial disability under New Jersey law constitutes by definition a legal finding of functional impairment (citation omitted), the applicant has conclusively established that he sustained some physical condition as a result of his March 24, 1973 New Jersey industrial injury.

In our opinion, this finding was erroneous; the claimant cannot use the prior award against non-parties to that award, as proof of a pre-existing impairment at the time of the subsequent injury in order to unschedule the subsequent injury. Comment (b) to § 93 of the *Restatement of Judgments* (1942) states, in part:

A judgment, as well as any finding upon a particular issue in an action terminating in a judgment, normally has no evidentiary value in an action between two persons who are strangers to the judg-

ment or in an action between one of the parties to the action and a stranger. Section 93 at p. 461.

In *Mutual Benefit Health and Accident Assoc. v. Neale*, 43 Ariz. 532, 33 P.2d 604 (1934), the Arizona Supreme Court held a prior industrial award inadmissible to prove, in a subsequent suit by the plaintiff against his insurance company, that the plaintiff's injuries were the result of an accident. The court stated,

As a matter of common law, it has long been the rule that a judgment in personam, as against any person who is a stranger to the cause, is evidence only of the fact of its own rendition, and may not be introduced to establish the facts upon which it has been rendered (citations omitted). And the test of whether a person is a stranger is whether he was interested in the subject-matter of the proceeding, with the right to make defense, to adduce testimony, to cross-examine the witness on the opposite side, to control in some degree the proceeding, and to appeal from the judgment. (citations omitted).

.    .    .    .    .

' * * * Beyond the small circle which contains parties and privies, a judgment in personam is evidence only of the fact that such a judgment has been rendered. It cannot be used to prove any other fact which it establishes as between the parties to the judgment. 2 Black, Judgm. § 600. No further citation is necessary in support of a doctrine so elementary. The rule is salutary. Nay, it is indispensable to the administration of justice. The contrary doctrine would be subversive of the fundamental principle, recognized by all civilized nations, that everyone is entitled to a hearing before being affected in his person or property by the judgment of a court. As a general rule,

---

**6.** We recognize the language in *Ronquillo v. Industrial Commission*, 107 Ariz. 542, 490 P.2d 423 (1971) to the effect that "where there is a prior scheduled industrially related injury, the Commission may not ignore the previous injury when the workman suffers a second industrial

injury," at 544, 490 P.2d 423; however, there is no indication that that case involved parties in the second action who were not parties to the first action, and we have no reason to believe that the *Ronquillo* court decided this issue.

a stranger to a litigation has no knowledge of its pendency. If by chance he learns of it, he is yet powerless to appear in it. He has no right to offer evidence or cross-examine witnesses. He cannot be heard in argument on either the law or the facts. He cannot move for a new trial. He has no right to appeal. He is utterly without voice in the proceedings.

We are unable to find any decision to support the contention of the plaintiffs, nor can we discover any reason why this case should be taken out of this elementary and wise rule. * * *'

33 P.2d at 610.

We held in *Asbestos Engineering and Supply, supra,* that a claimant who failed to present medical evidence of his pre-existing impairment did not meet his burden of proof. Here the claimant also failed to present medical evidence of his pre-existing impairment.

Finally, Larson recognizes that

the normal rule of res judicata, which requires identity or privity between parties to the proceeding producing the decision relied on and the parties in the proceeding in which it is invoked, applies of course to compensation-related applications of the doctrine.

3 A. Larson, *The Law of Workmen's Compensation, supra,* § 79.72(e). The judge's finding of a pre-existing impairment, based solely on the New Jersey judgment, denied the petitioners in this case the opportunity to cross-examine the medical expert upon whose opinion that finding is based.

For these reasons, the hearing judge erred in finding that the New Jersey judgment was proof of the claimant's pre-existing impairment.[7]

### IV.

 The final issue is whether the prior judgment is *any* evidence of pre-existing impairment. We think not, under the principles of collateral estoppel adopted by the

*Restatement* and *Mutual Benefit Health and Accident Assoc. v. Neale, supra,* as discussed above. The judgment is admissible in a subsequent proceeding to prove only the fact of its rendition.

We do not reach the issue of whether the evidence supports the judge's finding that, due to the pre-existing condition, the claimant suffered a loss of earning capacity at the time of the subsequent injury.

The award is set aside.

CONTRERAS, P.J., and HAIRE, J., concur.

---

[7] The judgment could not have proved lost earning capacity since New Jersey determines disability solely upon functional impairment.

*Moore v. Allcast Non-Ferrous Foundry, Inc.,* 73 N.J.Super. 139, 179 A.2d 138 (1962).